EXO *v.* DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.

1. INSURANCE—AUTOMOBILE INSURANCE—NOTICE TO INSURER—SUFFICIENCY.

Where insurer received notice of automobile accident in which insured was killed, sent its ⸱adjuster and attempted to make settlement of claims against estate of deceased arising out of said accident, notified claimants to reduce claims to judgment, received notice of petition for appointment òf administrator of deceased's estate, and knew its purpose was to establish said claims, insurer may not escape liability for lack of notice; no other process being served.

As to sufficiency of notice of accident, claim, etc., see annotation in 76 A. L. R. 23.

2. SAME—EXECUTORS AND ADMINISTRATORS.
   On death of insured automobile owner, administrator of his
   estate stood in his place, and had right to demand that in-
   surer meet its responsibilities to those having claims against
   estate arising out of accident.

3. SAME—NOTICE TO INSURER.
   Rule requiring notice to insurer of every summons or other
   process that may be served on insured is for insurer's protec-
   tion, and not to trap unwary.

4. COURTS—JURISDICTION—CONSENT.
   Jurisdiction may not be given by consent.

5. SAME—INSURANCE—EXECUTORS AND ADMINISTRATORS—APPEAL
   AND ERROR—HARMLESS ERROR.
   Where, after allowance of claims against insured's estate arising
   out of automobile accident and appeal to circuit court, case
   was remanded to probate court for purpose of overcoming pos-
   sible technical objection by insurer that it had no proper
   notice of filing and hearing of claims in probate court, said
   remand, even if unauthorized, was harmless, where claims were
   again allowed at same amount and again appealed to circuit
   court.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted June 8, 1932. (Docket No. 37, Calendar No.
36,541.) Decided September 16, 1932.

Assumpsit by William Exo, as assignee, against
Detroit Automobile Inter-Insurance Exchange, on a
policy of insurance. Directed verdict and judgment
for plaintiff. Defendant appeals. Affirmed.

*Carl E. Hoffman (Leo W. Hoffman* and *Clare E.
Hoffman,* of counsel), for plaintiff.

*David Anderson (Howard D. Brown,* of counsel),
for defendant.

BUTZEL, J. John A. Hagerman was insured
against liability in the amount of $5,000 for injuries
to one person and $10,000 to two or more persons

arising out of one accident by defendant Detroit Automobile Inter-Insurance Exchange. On November 10, 1929, his car collided with that of Neil Sandy, and severe injuries were sustained by Lena Sandy, Eleanor Sandy, William Exo, and Mrs. Exo, as well as himself. The car of Neil Sandy was also burned. Mrs. Exo and Hagerman both died as a result of the injuries. Defendant was immediately notified of the accident and sent its representative to investigate. Upon the death of Mrs. Exo, a coroner's inquest was held. Defendant was notified but did not attend. William Exo was appointed administrator of his wife's estate, and is also a claimant in that capacity. Defendant's representative later discussed settlement with the injured parties or their representatives, and offered $4,500 to the entire group together if they would accept it in full settlement and divide the amount between themselves. Upon refusal of this offer, it is claimed that the adjuster stated that the company would pay the claims if they were adjusted by court proceedings. Liability was not denied at the time, but the amounts due the injured parties, or their representatives, who are the respective claimants, nevertheless remained unadjusted. Thereafter a petition was filed in the probate court for the county of Van Buren for the administration of the estate of John A. Hagerman, and a printed copy of the notice of hearing on the petition, clipped from the newspaper, was sent to defendant by the assured's son-in-law. Defendant's claim manager acknowledged receipt, and stated that the purpose of the petition was evidently the instituting of a lawsuit. It wrote that it did not believe it advisable to make any effort to communicate with Exo or any of the interested parties. It also asked if Hagerman left any estate. Hagerman's son-in-

law in his reply stated that there was no estate "as respects real or personal property." Defendant's claim manager admitted that, when notice of the petition for appointment of the administrator was received, he had an idea that Exo intended to prove his claim. An administrator of the Hagerman estate was duly appointed, each of the claims was filed in the probate court and allowed in the sum of $500 without any contest. Thereupon each of the claimants filed an appeal to the circuit court for the county of Van Buren. Plaintiff's attorney wrote defendant asking whether it intended to defend the actions pending in the Van Buren circuit court. The administrator of the Hagerman estate also made similar inquiry by letter. Defendant replied to the attorney that it had previously received no notice whatsoever of any action pending in regard to the claims. Thereupon the claims were remanded by consent of all the parties to the probate court. The court ordered a hearing *de novo* and that defendant be notified by registered mail at least 10 days before the hearing. A copy of the order was served on defendant, who appeared specially in the probate court and moved that the claims be dismissed on the ground that the probate court had lost jurisdiction and the circuit court had no right to remand the cases. This motion was denied. The claims were reheard and each allowed again in the sum of $500, and claimants once more took an appeal to the circuit court for the county of Van Buren. Thereupon defendant entered its special appearance in the circuit court and moved to dismiss for want of jurisdiction. The latter motion was overruled by the circuit court. The cases were consolidated, heard before a jury, and claims against the estate allowed in the aggregate sum of $9,179.50. The judgments were thereupon

remanded to the probate court for enforcement against the Hagerman estate.

Petition was filed in the probate court showing that there were no assets in the estate except the policy of insurance issued by defendant; there were no claims except those hereinbefore stated, all of which had been assigned to plaintiff, and the court made an order directing that the administrator of the Hagerman estate deliver to plaintiff herein proper assignment of any and all interest of deceased in the insurance policy issued to John A. Hagerman, and gave the assignee power to discharge any judgments obtained against defendant. Suit was brought against defendant by plaintiff individually and as assignee of all the other claimants, and judgment rendered for $9,179.50.

Defendant disclaims liability on the ground that the assured failed to immediately forward to defendant "every summons or other process that may be served upon the assured." It further contends that the judgments were null and void, and claims that the circuit court had no right to remand the claims to the probate court for a hearing *de novo,* and that it follows, therefore, that the judgments rendered on appeal from such claims allowed on a hearing *de novo* are void.

Defendant received full notice of the accident. It sent its adjuster, attempted to make settlement, and notified claimants to reduce their claims to judgment, received notice of the petition for the appointment of the administrator, and knew its purpose was to establish the claims. No other process was served, and defendant cannot escape liability for lack of notice. It is true that it is entitled to all reasonable notice, and failure to give it would release defendant from liability. *Oakland Motor Co.*

v. *American Fidelity Co.,* 190 Mich. 74; *Wisconsin Michigan Power Co.* v. *General Casualty & Surety Co.,* 252 Mich. 331 (76 A. L. R. 1). However, this rule is for the protection of the insurance company in order to afford it all reasonable means of promptly investigating and defending claims under the policy. Its purpose is not to entrap the unwary. Defendant took advantage of the ample opportunity it had for investigation and endeavored to adjust the claims. It further had notice of the filing of the petition for administration and knew its purpose. No other process was served, and the terms of the policy were complied with.

Defendant further claims that it was released of its liability because of the violation of the clause of the policy which states that:

"This policy shall be null and void: * * *
"If the assured shall interfere in any negotiations for settlement, or in any legal proceedings, unless and until he shall be requested to do so by the exchange."

It contends that inasmuch as the administrator of the Hagerman estate consented to the remanding of the claims to the probate court after the circuit court had taken jurisdiction, there was such an interference as to release defendant. The administrator stood in the place of the assured and had a right to demand that defendant meet its responsibilities. He did not interfere with any legal proceedings by consenting to the remanding. If in accordance with defendant's theory, the remanding was illegal and unauthorized by law, then at most it was a nullity. The case was remanded for the very purpose of overcoming any possible technical objection that might be claimed by defendant that it had no proper

notice of the filing and hearing of the claims in the probate court and in order to afford it the opportunity of defending the claims in the probate court. Defendant asserts that there was no legal right to remand the claims. 3 Comp. Laws 1929, § 15976, provides that:

"The circuit court may reverse or affirm, in whole or in part the sentence or act appealed from, and may make such order or decree thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may take any other order therein, as law and justice shall require."

It is claimed that this does not permit the remanding of the case to be tried *de novo* by the probate court. In *Re Kilbourne's Estate,* 173 Mich. 258, 260, in referring to the second paragraph of a circuit court order, the court said:

"The executor then obtained from this court an allowance of a writ of certiorari to remove the proceedings to this court. His contention is that the order of the circuit court was irregular and unauthorized, and he asks that it be set aside for the reason that the circuit court had no power to send the case back to the probate court for retrial, that, when the appeal was taken, the probate court lost jurisdiction of the issue, and that it was then the duty of the circuit court to enter such judgment therein as was proper, and cites *Daly's Appeal,* 47 Mich. 443, in support thereof. The statute defining the jurisdiction of the circuit courts in appeals from probate courts is as follows:

" 'The circuit court may reverse or affirm, in whole or in part, the sentence or act appealed from and may make such order or decree thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may take any other order therein, as law and justice shall require.' 1 Comp. Laws 1897, § 679 (5 How. Stat. [2d. Ed.] § 12127).

"We are inclined to agree with counsel as to the second paragraph of the circuit court order."

It further stated also:

"But, if we treat this part of the order as having no force, we still have the first paragraph, which in plain terms reverses the order of the probate court."

Even if we treat the remanding as of no force, the judgment in the instant case should be affirmed. It is true that an agreement of the parties could not confer jurisdiction of the subject-matter on the probate court. Jurisdiction may not be given by consent. *Hoffman* v. *Security Trust Co.,* 256 Mich. 383, 386. In the somewhat analogous case of *Realty Acceptance Corp.* v. *Montgomery,* 284 U. S. 547 (52 Sup. Ct. 215), it was held a statute which permits the Federal circuit court of appeals to direct further proceedings by the inferior court, as the justice of the case may require, does not grant or confer the power upon the appellate court to dismiss an appeal and return the record to a district court in order to set aside the judgment and grant a new trial because of newly-discovered evidence, after the time had elapsed in which the district court itself had power to set aside the judgment. 3 Comp. Laws 1929, § 15519, gives the probate court the right to grant rehearings within 90 days. It is claimed that the 90 days for rehearing the claims had expired in the instant case and there could not be a rehearing under the circumstances. Recognizing, without deciding, that there may be some merit in defendant's claim that the circuit court had no authority to remand the case, nor the probate court to rehear the claims, at most the rehearing and the appeals thereafter were a nullity, and the rights of the plaintiff and defendant were not affected thereby. The claims

were allowed for the same amounts by the probate court as in the first instance, and they were again appealed. The identical parties and same issues and claims were involved, defendant had ample notice of the pendency of the suits, appeared specially, and was not deprived of any opportunity to make the fullest defense possible. It was not harmed by the remanding, nor can it benefit thereby through a technical objection. The second probate hearing, even if improvidently granted, was for its benefit, but not to the extent that it can escape liability on that account.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, SHARPE. NORTH, FEAD, and WIEST, JJ., concurred.