DAVIS v GREEN OAK TOWNSHIP

1. Appeal and Error—Statements of Position—Sufficiency.

A mere statement of position is insufficient to bring an issue before the Court of Appeals for appellate review.

2. Statutes—Construction.

Statutory language which creates no doubt as to what is intended should not be interpreted or construed by a court in some other fashion.

3. Municipal Corporations—Sewage Disposal—Water Supply—Incorporation—Validity—Statutes.

A valid incorporation of a sewage disposal and water supply authority is conclusively presumed in the absence of a challenge within 60 days after the filing of certified copies of the articles of incorporation with the Secretary of State and the county clerk (MCLA 124.282).

Appeal from Livingston, Paul R. Mahinske, J. Submitted June 19, 1975, at Detroit. (Docket No. 23301.) Decided October 14, 1975.

Complaint by Robert E. Davis, Mildred J. Davis, Stephen M. Davis, and Natalie K. Y. Davis against Green Oak Township, Genoa Township, and the Southeast Livingston Sewage Disposal and Water Supply Authority for damages resulting from a denial of certain constitutional rights by the formation of defendant Southeast Livingston Sewage Disposal and Water Supply Authority. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 498.

[2] 73 Am Jur 2d, Statutes §§ 194, 195.

[3] 18 Am Jur 2d, Corporations § 24 et seq.

*Crippen, Dever, Urquhart & Cmejrek,* for plaintiffs.

*Joseph T. Brennan,* for defendant Green Oak Township.

*Richard A. Heikkinen,* for defendant Genoa Township.

*Dickinson, Wright, McKean & Cudlip,* (by *John R. Axe),* for defendant Southeast Livingston Sewage Disposal and Water Supply Authority.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs, residents of Green Oak Township, brought this action alleging that they were denied various constitutional rights as a result of the formation and operation of the Southeast Livingston Sewage Disposal and Water Supply Authority. Defendants' motion for summary judgment of dismissal was granted by the trial judge and plaintiffs appeal of right. We affirm.

Plaintiffs' first assignment of error is that, under MCLA 124.288; MSA 5.2769(58), the requirements for a petition for referendum upon the execution of a contract with the Authority are unreasonably restrictive and violate plaintiffs' constitutional rights. Plaintiffs allege that the requirement of obtaining the signatures of ten percent of the electors within 30 days following the publication of notice is unreasonable and unduly restrictive, denying plaintiffs their constitutional rights. However, plaintiffs fail to indicate in what way the requirement is unreasonable. Merely stating a position is insufficient to bring an issue before this Court for appellate review. *McKinstrie v Henry*

*Ford Hospital,* 55 Mich App 659, 662; 223 NW2d 114, 116 (1974).

Plaintiffs have not alleged in their complaint or in their briefs that they have attempted to comply with the statutory requirements for a referendum. Hence, plaintiffs have failed to establish any prejudice, their claim of prejudice is speculative and they have no standing to raise this issue. The issue appears to have been prematurely raised in the trial court because the record fails to establish that the Authority or the constituent municipalities have yet attempted to enter into such a contract.

Next the plaintiffs argue that the trial court committed reversible error in determining that no issue of material fact exists as to the possible pledging of the townships' full faith and credit in support of the Authority's future obligations. Once again this issue was prematurely raised. It is true that MCLA 124.287; MSA 5.2769(57) authorizes the pledge of a constituent municipality's full faith and credit to secure the obligations of the Authority. However, plaintiffs have not shown the existence of any obligation or pledge in support thereof. Therefore, there has been no attempt to pledge full faith and credit for any financial obligation. The trial court did not err in granting summary judgment on this issue.

Plaintiffs next argue that MCLA 124.282; MSA 5.2769(52) requires that the municipalities forming a sewage disposal and water supply authority be contiguous. A reading of the statute reveals that there are no geographical requirements imposed upon municipalities attempting to form an authority. Where statutory language creates no doubt as to what is intended, a court should not attempt to interpret or construe the statute in some other

fashion. See *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248–249; 191 NW2d 307, 309–310 (1971). Plaintiffs' assertion that the statute is ambiguous is inaccurate in our opinion.

Finally, plaintiffs argue that noncompliance with the Authority's articles of incorporation with respect to the selection of officers, constituted a deprivation of procedural due process and equal protection of law to plaintiffs. They say that according to the articles of incorporation and the pertinent law, officers for the Authority were not to be selected and installed until the Authority's charter was effective, contrary to what actually occurred. The defendants, on the other hand, argue that the provision cited by plaintiffs is merely directory, setting an outer limit with which defendants complied. The pertinent provision of Article VII is as follows:

"Members of the first Board shall be so appointed within seven days after these articles become effective".

The same article contains the following provision:

"Failure to hold meetings or appoint or select trustees or officers as herein provided shall not render invalid any action taken by the Board or its officers. No appointment of any commissioner or election of any officer, and no action taken at any meeting shall be invalid because it did not occur within or at the time specified in these Articles."

MCLA 124.282; MSA 5.2769(52) expressly provides that the validity of the incorporation is conclusively presumed in the absence of a chal-

lenge within 60 days after the filing of certified copies of the articles of incorporation with the Secretary of State and the county clerk. Plaintiffs have not alleged in their complaint that they have complied with this statutory requirement. A direct attack on the validity of the incorporation is not presented. Plaintiffs failed to state a claim upon which relief could be granted and the trial court properly granted summary judgment. GCR 1963, 117.2(1).

Affirmed. No costs, a public question being involved.