DOZIER v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 43537. Submitted November 19, 1979, at Detroit.—Decided
January 23, 1980. Leave to appeal applied for.

On June 9, 1976, Isabell Dozier was riding a bicycle when she
collided with a car driven by Michele Rebbe. As a result of the
accident, Mrs. Dozier suffered personal injuries and incurred
various medical expenses. At the time of the accident neither
Mrs. Dozier nor any relative with whom she was domiciled was
covered by a no-fault automobile insurance policy. On June 25,
1976, Mrs. Dozier and her husband, William Dozier, through
their attorney, sent a letter to State Farm Mutual Automobile
Insurance Company, the insurer of the Rebbe automobile,
regarding the accident. Receipt of this letter was acknowledged
by State Farm on March 9, 1977, when one of its claims
adjusters sent a letter in response to the letter from the
Doziers' attorney. On June 15, 1977, one year and six days
after the date of the accident, Mr. and Mrs. Dozier brought an
action against State Farm claiming personal protection benefits
under Rebbe's no-fault insurance policy for physical, mental
and economic damages. The defendant answered by asserting
that the plaintiffs' claim was barred by their failure to comply
with the one-year limitation period of the no-fault act for
bringing actions for personal insurance protection benefits. The
Macomb Circuit Court, George R. Denewith, J., determined that
the letter of June 25, 1976, was not sufficient notice to extend
the limitation period under the provision of the no-fault act
which enables claimants to extend the period for recovery of

REFERENCES FOR POINTS IN HEADNOTES

[1] New topic service Am Jur 2d, No-Fault Insurance § 27.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[2] 44 Am Jur 2d, Insurance § 1455.
   51 Am Jur 2d, Limitation of Actions § 17.
[3] 43 Am Jur 2d, Insurance § 271.
[4, 5] 44 Am Jur 2d, insurance § 1507.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.

personal protection insurance benefits an additional year by giving notice. Accordingly, the trial court held that the plaintiffs' complaint was not timely filed and entered judgment for the defendant. The plaintiffs appeal. The sole issue on appeal is whether the letter sent to State Farm was sufficient to extend the limitations period. *Held:*

Generally speaking, provisions for the giving of notice of claims to an insurer will be liberally construed in favor of the insured and substantial compliance therewith will suffice. However, since the plaintiffs in their letter failed to indicate in ordinary language the place and nature of Mrs. Dozier's injury, State Farm was denied knowledge of essential facts upon which its liability depends and the notice was inadequate. Nevertheless, in view of State Farm's acknowledgment of plaintiffs' letter and its adjuster's request that the plaintiffs' attorney forward all specials, the defendant waived its right to assert the insufficiency of the notice.

Reversed and remanded.

M. J. KELLY, J., concurred, but would not base his decision on a waiver analysis since it might encourage insurance companies to postpone acknowledgment of claims. He would hold that an insurance company which has notice of a given claim on a given policy, as evidenced by State Farm's letter of acknowledgment, should not be able to disclaim notice for personal insurance protection benefits while negotiating, adjusting, reserving or denying benefits on the same policy arising out of the same accident for the same claimant for third-party benefits.

### OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — STATUTE OF LIMITATIONS — STATUTES.

    A provision of the no-fault automobile insurance act which provides that certain actions for recovery of personal protection benefits for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury, unless written notice of the injury has been given to the insurer within one year after the accident, or unless the insurer has previously made a payment of personal protection insurance benefits for the injury, is a one-year statute of limitations with a provision enabling claimants to extend the period for up to one additional year by giving notice (MCL 500.3145[1]; MSA 24.13145[1]).

2. NOTICE — LIMITATION OF ACTIONS — STATUTE OF LIMITATIONS.

    Notice provisions have different objectives than statutes of limita-

tion; notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes; statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation.

3. INSURANCE — NOTICE — STATUTORY CONSTRUCTION.
    Statutory provisions for the giving of notice of claims to an insurer should be liberally construed in favor of the insured, and substantial compliance therewith will suffice.

4. INSURANCE — NO-FAULT INSURANCE — NOTICE — WAIVER OF NOTICE — STATUTES.
    The notice provision in a section of the no-fault automobile insurance act is for the benefit of the insurer; therefore, it follows that the insurer can waive the adequacy of notice (MCL 500.3145[1]; MSA 24.13145[1]).

CONCURRENCE BY M. J. KELLY, J.

5. INSURANCE — NO-FAULT INSURANCE — NOTICE — PERSONAL INSURANCE PROTECTION.
    *An insurance company which has notice of a given claim on a given policy should not be able to disclaim notice of a claim for personal insurance protection benefits while negotiating, adjusting, reserving or denying benefits on the same policy arising out of the same accident for the same claimant for third-party benefits.*

*Law Offices of John J. Grech, P.C.* (by *Edward R. Bogden),* for plaintiffs.

*Draugelis, Ashton & Scully,* for defendant.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

ALLEN, P.J. The sole issue on appeal is whether the letter of notification sent by plaintiffs to defendant State Farm Mutual Automobile Insurance Company was sufficient to extend the statute of limitation as provided under § 3145(1) of the no-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fault insurance act. MCL 500.3145(1); MSA 24.13145(1).

On June 9, 1976, plaintiff Isabell Dozier was riding a bicycle when she collided with a car driven by Michele Rebbe. As a result of this accident, Mrs. Dozier suffered personal injury and incurred various medical expenses. At the time of the accident neither Mrs. Dozier nor any relative with whom she was domiciled was covered by a no-fault insurance policy.

On June 25, 1976, plaintiffs, through their attorney, sent the following letter to defendant, the insurer of Michele Rebbe's car.

"RE: Accident of 6/9/76
Your insured: Michele Rebbe and/or Joseph Rebbe

Dear Sir:

Please be advised that I have been retained by Mr. and Mrs. William Dozier to represent them in regard to the injuries sustained by Mrs. Dozier in the accident of June 9th.

I hereby claim a lien on any and all settlements in regard to this accident. All future contacts will be made through my office. Please do not contact my clients directly.

Your cooperation would be appreciated."

On March 9, 1977, defendant, through its claims adjuster, acknowledged receipt of this communique with the following letter:

"Re: Your Client: William Dozier
Our Insured: Joseph Rebbe
Our File No: 22 6263 142

Accident of: 6/9/76

Dear Mr. Havey

Please be advised that I am in receipt of your corres-
pondence dated June 25, 1976 regarding the above-cap-
tioned loss.

Also please be advised that I am the adjuster handling
this file and all future correspondence should be sent
directly to my attention. Please forward all specials you
have in your file regarding this loss.

I wish to thank you for your anticipated cooperation in
this matter."

On June 15, 1977, one year and six days after
the accident of June 9, 1976, plaintiffs filed suit
against defendant, claiming personal protection
benefits under Rebbe's no-fault insurance policy
for physical, mental and economic damages pursu-
ant to MCL 500.3105; MSA 24.13105. Defendant
answered by asserting that plaintiffs' suit was
barred by their failure to comply with § 3145(1) of
the no-fault act.

As the essential facts were undisputed, the trial
court considered the matter after taking oral argu-
ment and written briefs on the matter. On August
9, 1978, the court held that plaintiffs' letter of
June 25, 1976, was defective under the statute
because it failed to indicate "Mrs. Dozier's full
name, her address, the nature of her injuries or
the place of the injuries". Accordingly, the trial
court held that plaintiffs' complaint was not timely
filed under § 3145(1).

Section 3145(1) states:

"An action for recovery of personal protection insur-
ance benefits payable under this chapter for accidental

bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1); MSA 24.13145(1).

By now it is clear beyond peradventure that this section is a one-year statute of limitations, with a provision enabling claimants to extend the period for recovery of personal protection insurance benefits up to one additional year by giving notice.[1] *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979), *Burns v Auto-Owners Ins Co,* 88

---

[1] Because § 3145(1) and (2) specifically designate a one-year statute of limitations for personal protection benefits and property protection benefits payable under the no-fault act, respectively, it follows that actions brought under the residual liability insurance provision, MCL 500.3131; MSA 24.13131, or for tort liability remaining under the no-fault statute, MCL 500.3135; MSA 24.13135, are still subject to the traditional statutes of limitations for such actions. However, since plaintiffs claimed personal protection insurance benefits under § 3105, MCL 500.3105; MSA 24.13105, the applicable statute of limitation is found in § 3145 of the no-fault insurance act.

Mich App 663; 279 NW2d 43 (1979), *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979). *Cf. Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979). This construction of the statute is not disputed by the parties to this appeal. Rather, the parties contest the sufficiency of notice required by the statute to extend the statutory period for an additional year. If the correspondence between the parties is deemed adequate notice under the statute, then the trial court erred by concluding that plaintiffs were precluded from proceeding with their action. In contrast, if, as the trial court concluded, the notice was not in compliance with § 3145(1), then plaintiffs are precluded from maintaining their suit because it was commenced one year and six days after the date of the accident, or, six days late.

The last portion of § 3145(1) provides that the written notice

"may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury".

The "big query" as perceived by the trial judge "is how this type of statute should be construed". The trial court properly rejected either a strict or a liberal construction of § 3145(1), choosing instead to construe the statute by the "plain meaning of the words". *Collins v Motorists Mutual Ins Co,* 36 Mich App 424; 194 NW2d 148 (1971), *lv den* 388 Mich 812 (1972), *Davis v Green Oak Twp,* 65 Mich App 188; 237 NW2d 241 (1975). More particularly, the following statement is instructive in construing statutes of limitations:

"Statutes of limitations are entitled to be fairly construed, so as to advance the policy they are designed to promote, and should not be defeated by an overstrict construction.

"On the other hand, the judiciary must strictly adhere to such periods of limitation, and in construing such statutes, the court should consider the purpose thereof." 20 Michigan Law & Practice, Statute of Limitations, § 2, pp 545-546. (Footnotes omitted.)

See generally, 16 Callaghan's Michigan Civil Jurisprudence, Limitations of Actions, § 4.

The policy and purposes such statutes are intended to serve have been stated thus:

"Statutes of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation'." *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974).

Notice provisions have different objectives than statutes of limitations:

"Notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes." *Davis v Farmers Ins, supra,* at 47.

In light of these objectives, and the existence in a single statutory provision of both a notice provision and a limitation of action provision, we conclude that substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under § 3145(1).

As the Supreme Court stated in *Carver v Mc-Kernan,* 390 Mich 96, 99; 211 NW2d 24 (1973), "[w]e acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict" access to the courts. Although the Court in *Carver* strictly limited the notice provision in the statute before it, the Court did so because the notice requirement had the effect of *shortening* the period of time for bringing a claim set forth in the applicable statute of limitation. In contrast, the notice provision in § 3145(1) has the effect of *lengthening* the statute of limitation by one year. As such, a liberal construction of the notice provision therein is not mandated. That is, since the notice provision actually extends the period of time in which a suit can be commenced, it seems logical that the notice supplied by the claimant should strictly adhere to the statutory requirements. There is, however, authority to the contrary.

Generally speaking, provisions for the giving of notice of claims to an insurer will be liberally construed in favor of the insured and substantial compliance therewith will suffice. 44 Am Jur 2d, Insurance, § 1482.

"No matter what the form of a notice of loss may be, if it operates to bring the attention of the insurer to the loss or accident, sets forth the essential facts upon which the liability of the insurer depends, and appears credible, it is sufficient." *Id.,* p 350.

And see *id.,* § 1491, 45 CJS, Insurance, §§ 982(5)(a), 987, 1057, 1088. 2 Callaghan's Michigan Civil Jurisprudence, Automobiles and Motor Vehicles, § 191.

Certainly, the plaintiffs' letter operated to inform defendant of the accident out of which the

alleged injuries arose. In addition, since the credibility of the letter is untainted, defendant is provided adequate warning so as to permit it to conduct an investigation of the matter. On the other hand, because plaintiffs failed to "indicate in ordinary language" the place and nature of Mrs. Dozier's injury, defendant is denied knowledge of the essential facts upon which its liability depends and therefore cannot appropriate funds for settlement purposes. Compare, *Richards v American Fellowship Ins Co, supra.*

Nevertheless, in view of the defendant's acknowledgment of plaintiffs' letter (rather than denial of liability or a request for additional information) and its adjuster's request to "forward all specials you have in your file regarding this loss" we are persuaded that defendant waives its right to assert the insufficiency of the notice. Since the notice provision is for the protection of the insurer, *Exo v Detroit Automobile Inter-Insurance Exchange,* 259 Mich 578; 244 NW 241 (1932), it follows that the insurer can waive the adequacy of the notice. *Pastucha v Ross,* 290 Mich 1; 287 NW 355 (1939), see Anno: *Liability insurance: clause with respect to notice of accident or claim, etc., or with respect to forwarding suit papers,* 18 ALR2d 443, 487. Defendant's letter of March 9, 1977, appeared to acknowledge its liability, or at least did not dispute it. While we do not conclude that defendant must establish prejudice in order to require strict enforcement of the notice provision, compare, *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971), we note that all of the purposes for which statutory notice is intended have been either met or waived in the instant case.

Accordingly, the lower court's judgment of no cause of action in favor of defendant should be

reversed and plaintiffs' complaint reinstated for a decision on the merits.

Reversed and remanded.

N. J. LAMBROS, J., concurred.

M. J. KELLY, J. *(concurring).* I concur in the result reached by Judge ALLEN, but would prefer to limit our decision to the facts and address the rationale of the trial judge's decision which found the plaintiff's claim related to third-party benefits and not to no-fault personal injury protection benefits. I believe the rule should be that an insurance company which has notice of a given claim on a given policy, as evidenced by State Farm's March 9, 1977, letter of acknowledgment, should not be able to disclaim notice for PIP benefits while negotiating, adjusting, reserving, or denying benefits on the same policy arising out of the same accident for the same claimant for third-party benefits.

I do not think that the rationale should be based on a waiver analysis because such might encourage the insurance companies to postpone acknowledgment of claims with the concomitant result of increased resort to the court with claims that should be adjusted without litigation.