# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

PERKOVIC v ZURICH AMERICAN INSURANCE COMPANY

Docket No. 152484. Argued on application for leave to appeal December 7, 2016. Decided April 14, 2017.

Dragen Perkovic filed an amended complaint in the Wayne Circuit Court naming Zurich American Insurance Company as a defendant in an action seeking to recover no-fault personal protection insurance (PIP) benefits for injuries he sustained in a motor vehicle accident on February 28, 2009. At the time of the accident, Perkovic was operating a semitruck. Perkovic was treated for his injuries at The Nebraska Medical Center. On April 30, 2009, The Nebraska Medical Center sent Perkovic's medical records and associated bills to Zurich American, Perkovic's employer's insurance company. Zurich asserted that it had no injury report for Perkovic and on May 19, 2009, denied payment for Perkovic's medical treatment at The Nebraska Medical Center. Perkovic filed his initial complaint on August 11, 2009, seeking unpaid PIP benefits and naming his own automobile insurance company, Citizens Insurance Company of the Midwest, as a defendant. He later amended the complaint to add his bobtail insurer, Hudson Insurance Company, as a defendant. Perkovic did not add Zurich American as a defendant until March 25, 2010, about 13 months after the accident. Perkovic's claims against Citizens and Hudson were dismissed after the Court of Appeals, STEPHENS, P.J., and OWENS and MURRAY, JJ., ruled that Zurich American was the highest-priority insurer. *Perkovic v Hudson Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2012 (Docket No. 302868). When the case returned to the trial court, Zurich American moved for summary disposition under MCR 2.116(C)(7), contending that Perkovic's claim was barred by the one-year limitations period in MCL 500.3145(1) because Zurich American had not received written notice of Perkovic's claim and had not paid any benefits on his behalf before the limitations period expired. Perkovic argued that The Nebraska Medical Center's correspondence with Zurich American constituted sufficient notice under MCL 500.3145(1). The trial court, Maria Oxholm, J., agreed with Zurich American and entered summary disposition in its favor. The Court of Appeals, TALBOT, P.J., and WILDER and FORT HOOD, JJ., affirmed. *Perkovic v Zurich American Ins Co*, 312 Mich App 244 (2015). Perkovic sought leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant his application for leave to appeal or take other action. 499 Mich 935 (2016).

In an opinion by Justice BERNSTEIN, joined by Chief Justice MARKMAN and Justices ZAHRA, MCCORMACK, VIVIANO, and LARSEN, the Supreme Court *held*:

The statutory notice period for seeking no-fault benefits is satisfied when documentation containing all the information required by MCL 500.3145(1) is provided to a no-fault insurance company by the medical provider that treated the insured's injuries. In this case, The Nebraska Medical Center sent Perkovic's medical records and associated billing information to Zurich American. The documentation contained everything required by MCL 500.3145(1) to give notice to an insurer of an insured's claim for no-fault benefits. That is, the documentation sent to Zurich American included the claimant's name and address, the name of the person injured, and the time, place, and nature of the injuries. MCL 500.3145(1) does not include a requirement that the notice expressly state that the information is being provided to support a potential claim for no-fault benefits. The statute requires that notice be given in writing within one year after the accident causing injury, and it states that notice may be given by the person entitled to benefits— the insured—or by a person in the insured's behalf. Contrary to the Court of Appeals' conclusion that notice of injury must inform an insurer of the possible pendency of a claim for no-fault benefits, giving an insurer notice that a claimant may pursue a no-fault action for unpaid benefits is not required by MCL 500.3145(1). Nor does proper notice under MCL 500.3145(1) require that an insured presently be making a claim for no-fault benefits. It only mattered that Zurich American received the information required by MCL 500.3145(1) within one year of the accident. Because Zurich American received the records from The Nebraska Medical Center within one year of the accident, Perkovic's amended complaint against Zurich American filed 13 months after the accident was not barred by the statute of limitations.

Reversed and remanded. Trial court's summary disposition order vacated.

Justice YOUNG, dissenting, largely agreed with the reasoning of the majority opinion but disagreed with its outcome. Although Zurich American received notice that Perkovic had received medical treatment from The Nebraska Medical Center, the notice was not sent in behalf of an insured who was, at that time, claiming that he was entitled to no-fault benefits. The notice Zurich American received did not clearly communicate that Perkovic was making a claim for PIP benefits; instead, the notice could have been interpreted as seeking other benefits under the insurance policy. The notice in this case was not given by either someone claiming to be entitled to no-fault benefits or someone acting in his behalf. Justice YOUNG would have affirmed the result reached by the Court of Appeals because summary disposition was properly granted in Zurich American's favor.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED April 14, 2017

STATE OF MICHIGAN

SUPREME COURT

DRAGEN PERKOVIC,

        Plaintiff-Appellant,

v                                   No. 152484

ZURICH AMERICAN INSURANCE
COMPANY,

        Defendant-Appellee.

BEFORE THE ENTIRE BENCH

BERNSTEIN, J.

This case concerns the notice requirements of the no-fault act, MCL 500.3101 *et seq.*, specifically those set forth in MCL 500.3145(1). The question before us is whether a nonparty medical provider's provision of medical records and associated bills to an injured person's no-fault insurer within one year of the accident causing injury constitutes proper written notice under MCL 500.3145(1), so as to prevent the one-year statute of limitations in MCL 500.3145(1) from barring the injured person's subsequent no-fault claim. We hold that when, as in this case, the documentation provided by the medical

provider contains all of the information required by MCL 500.3145(1) and is provided to the insurer within one year of the accident, the statutory notice requirement is satisfied and the injured person's claim is not barred by the statute of limitations. Therefore, we reverse the judgment of the Court of Appeals, vacate the trial court's order granting summary disposition in favor of defendant Zurich American Insurance Company, and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On February 28, 2009, plaintiff Dragen Perkovic was operating a semitruck in Nebraska when he swerved to avoid hitting a car that had spun out in front of him. Plaintiff's truck then crashed into a wall. Plaintiff's resulting injuries were treated at The Nebraska Medical Center. At the time of the accident, plaintiff maintained personal automobile insurance with Citizens Insurance Company of the Midwest (Citizens) and a bobtail insurance policy[1] with Hudson Insurance Company (Hudson). Plaintiff's employer was insured by defendant Zurich American Insurance Company.

On April 30, 2009, staff at The Nebraska Medical Center mailed a bill for the services it had provided, as well as plaintiff's medical records, to defendant. A custodian of records and billing for The Nebraska Medical Center explained by affidavit that the bills and records were sent to defendant on plaintiff's behalf in order to obtain payment for the services provided in relation to plaintiff's accident-related injuries. The medical

---

[1] Bobtail insurance provides liability coverage for the owner/operator of a commercial truck after a load has been delivered and the truck is not being used for trucking purposes.

2

bills and records both contained plaintiff's name and address. The medical records also provided the following summary:

> 46 yo male semi truck driver c/o R upper back pain after MVC. States that he was driving down interstate when car in front of him began to spin[;] he swerved to avoid the car since in semi and ran into a wall hitting front[]driver side.

The records further stated that plaintiff may have suffered a "back sprain, cervical sprain or fracture, chest wall contusion, contusion, head injury, liver injury, myocardial contusion, pneumothorax, splenic injury, sprained or fractured extremity."

On May 19, 2009, defendant denied payment for the services, returning the bill and records to the sender stamped with the following statement: "No injury report on file for this person."

On August 11, 2009, plaintiff filed suit under the no-fault act, seeking unpaid personal protection insurance (PIP) benefits arising out of the February 28 accident. The initial complaint filed in the trial court only named Citizens, plaintiff's personal insurer, as a defendant. Plaintiff later amended the complaint to add Hudson, the bobtail insurer, as a defendant. Plaintiff did not amend his complaint to add defendant as a party until March 25, 2010, approximately thirteen months after the accident. Some confusion arose as to which of the insurers was highest in priority, but ultimately the Court of Appeals concluded that defendant was the highest-priority insurer. See *Perkovic v Hudson Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2012 (Docket No. 302868). The claims against the other insurers were then dismissed.

When the case returned to the trial court, defendant filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims were barred by the

one-year statute of limitations in MCL 500.3145(1) because defendant had not received written notice of the claim or paid any benefits before the limitations period expired. Plaintiff contended that the medical bills and records from The Nebraska Medical Center satisfied the notice requirements of MCL 500.3145(1), but the trial court disagreed and granted defendant's motion for summary disposition in an opinion and order dated February 20, 2014. The Court of Appeals affirmed the trial court's ruling in a published opinion. *Perkovic v Zurich American Ins Co*, 312 Mich App 244; 876 NW2d 839 (2015).

## II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). When interpreting a statute, the primary rule of construction is to discern and give effect to the Legislature's intent, the most reliable indicator of which is the clear and unambiguous language of the statute. *Id*. We enforce such language as written, giving effect to every word, phrase, and clause. *Id*. We also review de novo the grant or denial of a motion for summary disposition. *Id*.

## III. ANALYSIS

The no-fault act allows a person injured in an automobile accident to recover PIP benefits for certain reasonably necessary expenses incurred for the care, recovery, and rehabilitation of the injured person. MCL 500.3107(1)(a). This recovery is limited by, among other provisions, MCL 500.3145(1), which provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the

4

injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

Therefore, under MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury. *Jesperson*, 499 Mich at 39. Here, defendant was not added to the complaint until thirteen months after plaintiff's accident. It is undisputed that the second exception does not apply in this case. The issue is whether the first exception applies in this case—that is, whether defendant was properly notified of plaintiff's injuries by the medical bills and records provided to defendant by The Nebraska Medical Center.

The Court of Appeals considered the first exception in a string of cases published in the 1980s. In *Dozier v State Farm Mut Auto Ins Co*, 95 Mich App 121, 128; 290 NW2d 408 (1980), the Court of Appeals held that substantial compliance with the written-notice provision can preserve a claim under MCL 500.3145(1).[2] In reaching this conclusion, the *Dozier* panel relied on the need to construe notice provisions in favor of

---

[2] However, the *Dozier* Court did not address whether notice had actually been given in compliance with MCL 500.3145(1) because the Court determined that the defendant had waived its right to assert insufficiency of the notice. *Dozier*, 95 Mich App at 130.

the insured. *Id*. at 129. The panel stated that the purpose of the notice provision was " 'to provide time to investigate and to appropriate funds for settlement purposes.' " *Id*. at 128, quoting *Davis v Farmers Ins Group*, 86 Mich App 45, 47; 272 NW2d 334 (1978). A subsequent Court of Appeals panel relied on *Dozier* in holding that an "Auto Accident Notice" that did not indicate the nature of the plaintiff's injury nonetheless constituted notice under MCL 500.3145(1) because it substantially complied with the notice provision. *Walden v Auto Owners Ins Co*, 105 Mich App 528, 534; 307 NW2d 367 (1981). Similarly, in *Lansing Gen Hosp, Osteopathic v Gomez*, 114 Mich App 814, 825; 319 NW2d 683 (1982), the Court of Appeals held that written notification provided by an insurance agent to the defendant insurance company was sufficient to preserve the plaintiff medical provider's claim under MCL 500.3145(1). Although the notice did not name one of the injured parties, it "was sufficient to provide time for defendant Auto-Owners to investigate the accident." *Id*. By contrast, in *Heikkinen v Aetna Cas & Surety Co*, 124 Mich App 459, 463-464; 335 NW2d 3 (1981), the Court of Appeals held that a death certificate transmitted by the plaintiff to her insurance agent for the purpose of filing a tax return did not create sufficient notice under MCL 500.3145(1) that a claim might be filed. Even though the certificate contained all of the information required by MCL 500.3145(1), it was not presented under circumstances suggesting the existence of a claim for PIP benefits—rather, it was presented explicitly for the purpose of a tax return. *Id*. Therefore, under this line of cases, a claim for PIP benefits may be preserved if a plaintiff substantially complies with the *purpose* of the statute, even if all of the statutory requirements are not met. However, as seen in *Heikkinen*, fulfilling all of the stated

6

requirements of the statute may not necessarily preserve a claim if the purpose of the statute is not fulfilled.

The Court of Appeals in this case concluded that the medical bills and records sent to defendant did not constitute notice for the purposes of MCL 500.3145(1) because these documents did not evince an intent to make a claim for PIP benefits. The Court of Appeals held that, although the medical bills and records included all of the information required by the final sentence of MCL 500.3145(1),[3] they did not serve the purpose of a notice provision—" 'to provide time to investigate and to appropriate funds for settlement purposes.' " *Perkovic*, 312 Mich App at 254, quoting *Dozier*, 95 Mich App at 128 (quotation marks omitted). The Court of Appeals reasoned that, unlike the notice provided in *Dozier*, *Walden*, or *Gomez*, nothing about the medical records and bills sent to defendant in this case would have alerted defendant to the possible pendency of a no-fault claim. Therefore, as in *Heikkinen*, the documents provided in this case did not fulfill the purposes of the notice statute. *Perkovic*, 312 Mich App at 258.

We disagree with the Court of Appeals' reliance on the perceived purpose of the notice requirement of MCL 500.3145(1) because such reliance runs contrary to our established canons of statutory interpretation. The first sentence of MCL 500.3145(1) creates an exception to the one-year statute of limitations when "written notice of injury as provided herein has been given to the insurer" within the appropriate time frame. The penultimate sentence provides the method of notice—it "may be given to the insurer or

---

[3] Specifically, "the name and address of the claimant and . . . the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1).

7

any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf"—while the final sentence defines the substance of the notice—it "shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1). Nothing in MCL 500.3145(1) suggests that a notice provision's purpose is "to provide time to investigate and to appropriate funds for settlement purposes," *Dozier*, 95 Mich App at 128, or that such a purpose overrides the requirements enshrined in the statutory language itself. (Quotation marks and citation omitted.) The Court of Appeals' reliance on the perceived purpose of the statute runs counter to the rule of statutory construction directing us to discern legislative intent from plain statutory language. "When the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted." *Pace v Edel-Harrelson*, 499 Mich 1, 6; 878 NW2d 784 (2016).

As stated in note 3 of this opinion, the plain language of the statute lists what information the written notice must include in the final sentence: "The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1). The provision does not mandate any particular format for this notice, nor does it require language explicitly indicating a possible claim for benefits. The Legislature could have elected to include such language, but did not.

While MCL 500.3145(1) includes the word "claimant," this alone does not require a statement that a claim is forthcoming. A "claimant" is "one that asserts a right or

title[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed).[4] The person who asserts a right or title is the party that ultimately makes a claim—in this case, plaintiff, whose name and address appeared on the bills and records received by defendant. The statute contains no temporal requirement that the insured be claiming benefits at the time the notice of injury is transmitted to the insurer. The dissent reads such a temporal requirement into the sentence providing that notice "may be given to the insurer . . . by a person claiming to be entitled to benefits therefor, or by someone in his behalf," arguing that the use of the present participle "claiming" means that the insured must be making a claim at the time that notice is sent to the insurer. But this language appears in the penultimate sentence of the statute, which describes who is permitted to transmit notice; it is not a part of the final sentence that mandates the contents of the notice. It is a strained reading of the statute to import into the final sentence describing what the notice "shall give" an additional requirement that the insured be making an active claim of benefits, which the dissent infers from the preceding sentence that merely sets out who may give notice.

The fact that plaintiff might have been unaware of The Nebraska Medical Center's transmission of notice to defendant is not detrimental to his claim. The penultimate sentence of MCL 500.3145(1) provides that notice may be given "by a person claiming to be entitled to benefits therefor, or by someone *in his behalf*." (Emphasis added.) The Legislature's use of "*in* his behalf" here is telling, and it renders insignificant the fact that

---

[4] Similarly, *Black's Law Dictionary* (10th ed) defines "claimant" as "[s]omeone who asserts a right or demand . . . ."

the notice was sent to defendant by The Nebraska Medical Center, a nonparty.  "The phrase *in behalf of* traditionally means 'in the interest, support, or defense of'; *on behalf of* means 'in the name of, on the part of, as the agent or representative of.' "  *Black's Law Dictionary* (10th ed), p 184 (defining the word "behalf").  Therefore, while "*on* his behalf" might have suggested the need for an agency relationship between plaintiff and The Nebraska Medical Center, the Legislature's chosen phrase—"*in* his behalf"—has no such connotation.  That is, the category of those who may send notice "in his behalf" is broader than those who may send notice "on his behalf."  While the distinction may be fading in modern usage, see *Merriam-Webster's Collegiate Dictionary* (11th ed), p 110 (defining the word "behalf"), the fact that the Legislature elected to use the broader phrase "*in* his behalf," rather than the narrower phrase, "*on* his behalf," demonstrates that the provision of notice need only have been in plaintiff's interest to satisfy MCL 500.3145(1).

That the "in his behalf" language of MCL 500.3145(1) means that the notice can be provided to the insurer without the knowledge or direction of the insured further refutes the dissent's contention that the insured must be actively claiming benefits at the time the notice is sent to the insurer.  The "or by someone in his behalf" clause allows someone to provide notice in behalf of the "person claiming to be entitled to benefits."  There is no language in this clause suggesting that "someone" would have to label the notice as a claim for no-fault benefits, and it would be strange if the language were to create a distinction between the notice requirements based on the notice provider.  In sum, the plain language of this sentence regarding the provision of notice does not

impose any unarticulated requirements as to the form of the notice, such as an explicit request for no-fault benefits.

Therefore, we conclude that the notice given in this case satisfied the first exception of MCL 500.3145(1) so that the one-year statute of limitations does not bar plaintiff's claim. The documents transmitted to defendant contained all of the information required by MCL 500.3145(1) and were sent in behalf of plaintiff by The Nebraska Medical Center. The statute does not require any additional information about the possible pendency of a claim.

## IV. CONCLUSION

We hold that, under the circumstances of this case, plaintiff satisfied the notice requirements of MCL 500.3145(1). Therefore, plaintiff's claim was not barred by the no-fault act's one-year statute of limitations. Accordingly, we reverse the judgment of the Court of Appeals, vacate the trial court's grant of summary disposition in defendant's favor, and remand to the trial court for further proceedings consistent with this opinion.

Richard H. Bernstein
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Joan L. Larsen

11

STATE OF MICHIGAN

SUPREME COURT

DRAGEN PERKOVIC,

      Plaintiff-Appellant,

v                             No. 152484

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant-Appellee.

YOUNG, J. (*dissenting*).

Although I largely agree with the reasoning of the majority opinion, I respectfully

dissent from the result. I would hold that defendant is entitled to summary disposition,

affirming on alternative grounds the judgment of the Court of Appeals. I disagree with

the majority that the alleged notice sent to defendant by The Nebraska Medical Center

was given to an insurer by or in behalf of "a person claiming to be entitled to" personal

protection insurance benefits under the no-fault act for accidental bodily injury, as

required by MCL 500.3145(1). Neither the medical bill nor the medical records sent to

defendant indicated that the documents were sent in behalf of a person claiming at that

time to be entitled to no-fault benefits, as opposed to other benefits payable under the

insurance contract.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff, a Michigan resident, was in an automobile accident on February 28,

2009, while operating a semitruck in Nebraska. He was taken by ambulance to The

Nebraska Medical Center (NMC), where he received emergency medical treatment. At the time of the accident, the company for which plaintiff worked had an insurance policy with defendant. On April 30, 2009, NMC sent defendant a bill for the medical services it provided to plaintiff, along with plaintiff's medical records. Defendant denied payment for these services, stating that there was "[n]o injury report on file for this person."

Plaintiff filed suit on August 11, 2009, seeking unpaid personal protection insurance (PIP) benefits. Plaintiff named only his personal insurer in the original complaint. Plaintiff did not amend his complaint to add defendant until March 25, 2010. After being adjudicated the highest-priority insurer, defendant moved for summary disposition under MCR 2.116(C)(7). Defendant argued that plaintiff's claims were barred by the one-year statute of limitations in MCL 500.3145(1), because defendant was not added to the case until more than one year after the accident. Plaintiff claimed the period of limitations had been extended because "written notice of injury" was "given to the insurer within 1 year after the accident."[1] The Wayne Circuit Court granted defendant's motion for summary disposition, and the Court of Appeals affirmed.[2]

## II. ANALYSIS

I would affirm the grant of summary disposition to defendant, but, like the majority, I disagree with the reasoning of the Court of Appeals. The critical holding of the Court of Appeals was that "the medical bill and medical records, although sufficient

---

[1] MCL 500.3145(1).

[2] *Perkovic v Zurich American Ins Co*, 312 Mich App 244, 258; 876 NW2d 839 (2015).

in content, did not fulfill the purposes of the statute."[3] As the majority opinion explains, the Court of Appeals erroneously elevated its perception of the statute's "purpose" over the plain statutory text.[4] To the extent that this holding was based on previous Court of Appeals cases that deviated from the text of MCL 500.3145(1) and created something akin to an "actual notice" or a "substantial compliance" requirement, I would take this opportunity to clearly disavow that precedent.[5]

Instead, as the majority holds, what is required is actual compliance with the statute.[6] MCL 500.3145(1) reads as follows:

---

[3] *Id.*, citing *Heikkinen v Aetna Cas & Surety Co*, 124 Mich App 459, 464; 335 NW2d 3 (1981).

[4] *People v Allen*, 499 Mich 307, 315; 884 NW2d 548 (2016) ("The Legislature is presumed to have intended the meaning it plainly expressed in the statute. When the statutory language is clear and unambiguous, judicial construction is not permitted and the statute is enforced as written.") (citations omitted).

[5] See *Dozier v State Farm Mut Auto Ins Co*, 95 Mich App 121, 128; 290 NW2d 408 (1980) ("[S]ubstantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under § 3145(1)."); *Heikkinen*, 124 Mich App at 463-464 (noting that the plaintiff "had strictly complied with the contents requirements" of MCL 500.3145, but holding that notice was nonetheless insufficient because it did not " '*in fact* apprise the insurer of the need to investigate and to determine the amount of possible liability' "), quoting *Dozier*, 95 Mich App at 128.

The majority opinion *implicitly* disapproves of *Dozier*, 95 Mich App 121, but ultimately only distinguishes that case and *Heikkinen*, 124 Mich App 459. I would *explicitly* hold that these cases are no longer good law.

[6] See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 582; 702 NW2d 539 (2005) ("Statutory . . . language must be enforced according to its plain meaning, and cannot be judicially revised or amended to harmonize with the prevailing policy whims of members of this Court.").

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury *unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident* or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. *The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf.* The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.[7]

To toll the statute of limitations, MCL 500.3145(1) requires that notice be given "to the insurer . . . by a person claiming to be entitled to benefits therefor, or by someone in his behalf." I agree with the majority opinion that NMC was acting "in [plaintiff's] behalf," and that the notice satisfied the relevant substantive requirements defined in the final sentence of MCL 500.3145(1). However, the majority opinion also holds that the notice must be given by or in behalf of the party that *ultimately* makes a claim under the no-fault act—that is, by "a person claiming to be entitled to benefits" at the time *the action is commenced*. I believe instead, on the basis of the statutory context, that this clause requires that the notice be given by "a person claiming to be entitled to benefits" at the time *the notice is given*. As I will explain, the notice sent by NMC in this case was

_____

7 Emphasis added.

4

insufficient because it was not sent by or in behalf of a person claiming to be entitled to PIP benefits.

Under the last antecedent rule, the descriptive clause, "claiming to be entitled to benefits," modifies the noun "person."[8] The present participle "claiming" does not immediately connote the exact time at which the statutory "person" must be claiming entitlement to no-fault benefits. The ordinary meaning of the verb "claim" is "to ask for [especially] as a right."[9] Again, this definition could lend itself to either interpretation: a person can assert a right to no-fault benefits at the time the action is initiated or the time the notice is given. A person could "claim" to be entitled to no-fault benefits either by filing a no-fault action or by asserting that "right" in a letter to an insurer.[10]

The statutory context more clearly shows that the most reasonable reading of this provision is that the person must be claiming "personal protection insurance benefits . . . for accidental bodily injury" at the time the notice is given. MCL 500.3145(1) elsewhere uses the term "claimant,"[11] but in the disputed clause specifies that notice must be given "by a person claiming to be entitled to benefits." The fact that the Legislature chose to use this descriptive clause, rather than merely saying that notice

---

[8] MCL 500.3145(1).

[9] *Merriam-Webster's Collegiate Dictionary* (11th ed). See also *The American Heritage Dictionary of the English Language* (5th ed) (defining "claim" as "[t]o demand, ask for, or take as one's own or one's due").

[10] See *Merriam-Webster's Collegiate Dictionary* (11th ed).

[11] Specifically, the third sentence of MCL 500.3145(1) states, "However, the *claimant* may not recover benefits . . . ." (Emphasis added.) The fifth sentence states, "The notice shall give the name and address of the *claimant* . . . ." *Id*. (emphasis added).

must be given "by a claimant," suggests that the person giving notice must in fact *be* "claiming to be entitled to benefits" at the time that person notifies the insurer.[12]

Plaintiff argues that because the disputed sentence states that notice "*may* be given to the insurer . . . by a person claiming to be entitled to benefits therefor,"[13] this clause cannot define a *requirement* for the statutory notice of injury. "May" generally denotes something that is permissive rather than mandatory, in contrast to the word "shall," which is used in the second sentence.[14] However, in the context of the sentence and this statutory provision, "may" is more reasonably read as stating that notice may be given *either* "by a person claiming to be entitled to benefits" *or* "by someone in his behalf," but notice *must* be given by someone claiming no-fault benefits.[15] The word "may" is permissive with regard to which of the two defined categories of persons may give the notice, but the sentence as a whole creates a mandatory requirement. Indeed, to read this sentence as plaintiff suggests would render it surplusage.[16] If notice could be given by

---

[12] This requirement is the same regardless of who is providing notice, contrary to the majority's suggestion that this reading of the statute creates "a distinction between the notice requirements based on the notice provider." *Ante* at 10.

[13] MCL 500.3145(1) (emphasis added).

[14] See, e.g., *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982) ("A necessary corollary to the plain meaning rule is that courts should give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole.").

[15] See MCL 500.3145(1).

[16] See *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002) ("Courts must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory.").

6

the two specified categories of persons, but need not be given by either, it is unclear what purpose this language would accomplish.

NMC sent defendant a bill for the services NMC had rendered to plaintiff along with plaintiff's medical records. The parties agree on appeal that these are the only documents that could possibly constitute notice under MCL 500.3145(1). There is no indication that the bill stated that plaintiff, or NMC acting "in his behalf," was seeking payment of PIP benefits, rather than payment of other benefits under the insurance policy.[17] NMC did not otherwise contact defendant at the time this notice was sent to apprise defendant that it was acting in behalf of a person "claiming to be entitled to benefits therefor."[18] MCL 500.3145(1) may not have required NMC to have included in the bill a statement containing the exact language, "these documents are sent in behalf of a person claiming PIP benefits under the no-fault act," but it did require that the notice be sent by or in behalf of a person actively claiming PIP benefits. That was not the case here.

Plaintiff argues that because the insurance policy covered no-fault benefits, defendant was notified that this claim for benefits under the policy could lead to a no-

---

[17] MCL 500.3145(1) ("An action *for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury* may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . . The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to *benefits therefor*, or by someone in his behalf.") (emphasis added).

[18] *Id*.

7

fault claim. However, the insurance policy that defendant issued to plaintiff's employer did not solely cover no-fault PIP benefits; conceivably, the documents sent to defendant by NMC could have been claiming other benefits due under the policy. MCL 500.3145(1) requires notice that a person *is claiming* no-fault benefits, not that a person *could claim* or *might possibly be claiming* no-fault benefits.

### III. CONCLUSION

The medical bill was not given to defendant "by a person claiming to be entitled to benefits therefor, or by someone in his behalf." Therefore, the medical bill and records were insufficient to avoid operation of the statute of limitations in MCL 500.3145(1). On the basis of this alternative analysis, I would affirm both the judgment of the Court of Appeals and the trial court's decision granting summary disposition to defendant.

Robert P. Young, Jr.

8