HEIKKINEN v AETNA CASUALTY & SURETY COMPANY

Docket No. 53631. Submitted April 14, 1981, at Detroit.—Decided July 15, 1981.

On May 29, 1976, Robert A. Heikkinen, was returning from an out-of-state construction site when he was overcome by the exhaust fumes of his vehicle. His vehicle was found in the center of the roadway in the City of Detroit, overheated. It was determined that the cause of death was carbon monoxide asphyxiation. At the time of death Mr. and Mrs. Heikkinen were insured by Aetna Casualty & Surety Company. The policy of insurance was obtained through the Gilmore Insurance Agency, which is owned and operated by Mr. Charles Gilmore. Through this agency Mr. Gilmore acts as an agent for Aetna. In addition to his work as an insurance agent, Mr. Gilmore prepares income tax returns. In May of 1980, plaintiff, Anna Marie Heikkinen, individually and as administratrix of the estate of Robert A. Heikkinen, brought an action against Aetna in the Wayne Circuit Court to recover no-fault benefits. Mrs. Heikkinen testified that sometime during the months following her husband's death she called Mr. Gilmore and informed him of the death. Her purpose in doing so was to eliminate the insurance on the car Mr. Heikkinen had driven and to place the auto insurance on her other car in her name only. In early 1977, Mr. Gilmore prepared Mrs. Heikkinen's income tax return. Mr. Gilmore testified that he would have been required to attach a death certificate to the tax return. Mrs. Heikkinen testified that she gave Mr. Gilmore a copy of the death certificate at this time. Both Mr. Gilmore and Mrs. Heikkinen testified that the insurance policy was not discussed during the preparation of the tax return. In fact, Mrs. Heikkinen was not aware that she might be entitled to benefits under the policy. No other notice of a claim for benefits was given to Mr. Gilmore or Aetna. The trial court, Thomas Roumell, J., granted defendant's motion for summary judgment, holding as a matter

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 369.

of law that a death certificate does not constitute notice under the no-fault statute. Plaintiff appealed. *Held:*

1. The motion brought by defendant raised the defense of the statute of limitations. Such a defense is properly brought by a motion for accelerated judgment. Despite the mislabeling, plaintiff was aware of the factual basis for the defense and was aware that the relief sought by defendant was a dismissal of plaintiff's claim under the statute of limitations. Since no prejudice resulted from the mislabeling no reversible error occurred.

2. Notice encompasses something more than words typed on a piece of paper. The words should be presented in a form, or under circumstances, designed to in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund. The death certificate presented in connection with preparation of the plaintiff's tax return, although sufficient in content, did not fulfill the purposes of the statute. Therefore, the death certificate did not constitute notice under the statute. The trial judge did not err in granting defendant's motion.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — NOTICE.

Notice to a no-fault insurer of the automobile-related death or injury of a policyholder which does not in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund is insufficient compliance with the notice provision of the no-fault act (MCL 500.3145[1]; MSA 24.13145[1]).

*Thomas, Garvey & Garvey, P.C.* (by *Robert F. Garvey),* for plaintiff.

*Collins & Einhorn, P.C.* (by *Brian Einhorn),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. This is a claim for no-fault death benefits arising out of the death of Robert Andrew Heikkinen on May 29, 1976. The plaintiff in this cause of action is the widow, Anna Marie Heikki-

nen, individually and as administratrix of the estate of Robert Andrew Heikkinen.

On May 29, 1976, the deceased was returning from an out-of-state construction site when he was overcome by the exhaust fumes of his vehicle. His vehicle was found in the center of the roadway in the City of Detroit, overheated. It was determined that the cause of death was carbon monoxide asphyxiation. At the time of death Mr. and Mrs. Heikkinen were insured by Aetna Casualty & Surety Company. The policy of insurance was obtained through the Gilmore Insurance Agency, which is owned and operated by Mr. Charles Gilmore. Through this agency Mr. Gilmore acts as an agent for Aetna. In addition to his work as an insurance agent, Mr. Gilmore prepares income tax returns.

Mrs. Heikkinen testified that sometime during the months following her husband's death she called Mr. Gilmore and informed him of the death. Her purpose in doing so was to eliminate the insurance on the car Mr. Heikkinen had driven and to place the auto insurance on her other car in her name only.

In early 1977, Mr. Gilmore prepared Mrs. Heikkinen's income tax return. Mr. Gilmore testified that he would have been required to attach a death certificate to the tax return. Mrs. Heikkinen testified that she gave Mr. Gilmore a copy of the death certificate at this time. Both Mr. Gilmore and Mrs. Heikkinen testified that the insurance policy was not discussed during the preparation of the tax return. In fact, Mrs. Heikkinen was not aware that she might be entitled to benefits under the policy.

No other notice of a claim for benefits was given to Mr. Gilmore or Aetna.

The trial court granted defendant's motion for summary judgment, holding as a matter of law that a death certificate does not constitute notice under MCL 500.3145(1); MSA 24.13145(1).

The motion brought by defendant raised the defense of the statute of limitations. Such a defense is properly brought by a motion for accelerated judgment under GCR 1963, 116.1(5). *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 311-312; 290 NW2d 426 (1980). Despite the mislabeling, plaintiff was aware of the factual basis for the defense and was aware that the relief sought by defendant was a dismissal of plaintiff's claim under the statute of limitations. Since no prejudice resulted from the mislabeling no reversible error occurred. See *Gilbert v Grand Trunk W R Co, supra,* p 315; *Butler v Wayne County Sheriff's Dep't,* 75 Mich App 202; 255 NW2d 7 (1977).

Plaintiff filed suit more than one year after the death occurred. The no-fault statute requires a person claiming no-fault benefits to either file suit within one year of the injury or provide notice of the injury to the insurer within one year. MCL 500.3145(1); MSA 24.13145(1). Therefore, if plaintiff is to prevent being barred by the one-year statute of limitations she must rely on the notice provision in the statute. If the appropriate notice has been provided within one year of the injury, an action may be commenced at any time within one year after the most recent allowable expense, work loss or survivor's loss.

The death certificate which plaintiff presented to Mr. Gilmore in connection with the preparation of her tax return contains all the information required of notice under the statute, *i.e.,* the name and address of the claimant, the name of the person injured, and the time, place, and nature of the injury.

Plaintiff claims that receipt of a death certificate is sufficient notice since it contains all the requisite information. Defendant argues that the issue is not the contents of a death certificate but rather its form; that a death certificate is not an instrument which puts an insurer on notice of a potential claim. No question of breach of duty by the agent is presented as the agent was not sued nor that issue presented.

The issue is one of first impression. Resolution involves statutory interpretation. *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121; 290 NW2d 408 (1980), involved interpretation of the same statute. In *Dozier,* the notice consisted of a letter to the insurer from the insured's attorney some three weeks after an accident. The letter did not comply with the statute because it failed to indicate plaintiff's full name, her address, and the nature and place of her injuries. However, the letter prompted a reply from the insurer which acknowledged receipt of the information and advised plaintiff's attorney to forward all "specials" regarding the loss. The Court held that "substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under § 3145(1)". *Dozier, supra,* p 128.

The letter in *Dozier,* although not strictly complying with the contents requirements of notice, did fulfill the purposes of the limitations and notice provisions of the statute. For this reason the Court held that substantial compliance rather than strict compliance with the contents requirements was sufficient.

The instant case involves a mirror image of the *Dozier* facts. Plaintiff had strictly complied with

the contents requirements for notice but did not fulfill the purposes of the limitations and notice provisions of § 3145(1). The death certificate received by Mr. Gilmore contained all the requisite information but it was not presented to him under circumstances indicating that a claim in connection with the death might be asserted. Mr. Gilmore was preparing plaintiff's tax return. No discussions concering the policy were held at this time or any other time. Although plaintiff had previously informed Mr. Gilmore of her husband's death, she stated this was for the purpose of removing her husband's name from the policy of insurance. She did not indicate she was asserting a claim and in fact testified that she was unaware of the existence of any claim either at the time of the telephone call or at the time the death certificate was presented for purposes of preparing the tax return. Under these circumstances, Mr. Gilmore was not apprised of the need to investigate and appropriate funds nor of the need to inform Aetna to do so.

Notice encompasses something more than words typed on a piece of paper. The words should be presented in a form, or under circumstances, designed to "*in fact* apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund". *Dozier, supra*, p 128. (Emphasis supplied.)

The death certificate presented in connection with preparation of the plaintiff's tax return, although sufficient in content, did not fulfill the purposes of the statute. Therefore, the death certificate did not constitute notice under the statute. The trial judge did not err in granting defendant's motion.

Affirmed.