# STATE OF MICHIGAN

# COURT OF APPEALS

DRAGEN PERKOVIC,

Plaintiff-Appellant,

v

ZURICH AMERICAN INSURANCE
COMPANY,

Defendant-Appellee.

FOR PUBLICATION
September 10, 2015
9:00 a.m.

No. 321531
Wayne Circuit Court
LC No. 09-019740-NF

Before: TALBOT, P.J., and WILDER and FORT HOOD, JJ.

WILDER, J.

Plaintiff, Dragen Perkovic, appeals as of right an order granting summary disposition to defendant, Zurich American Insurance Company. We affirm.

This case arises out of a car accident that occurred on February 28, 2009. Plaintiff was the driver and owner of a semi-truck, which he leased to E.L. Hollingsworth and Company ("Hollingsworth") pursuant to an independent contractor's operating agreement. Hollingsworth had an automobile insurance policy with defendant that covered Hollingsworth's equipment and vehicles it leased. Plaintiff also had a personal automobile insurance policy through Citizens Insurance Company (Citizens) and a "bobtail" insurance policy through Hudson Insurance Company (Hudson) for when the vehicle was not being operated for Hollingsworth.

On February 28, 2009, while plaintiff was driving down an interstate, the car in front of plaintiff began to spin, and plaintiff swerved to avoid the car. As a result, plaintiff drove his truck into a wall. Plaintiff subsequently received emergency medical treatment at The Nebraska Medical Center.

On April 30, 2009, James White, a custodian of records for The Nebraska Medical Center, mailed to defendant a medical bill for services performed on plaintiff and plaintiff's medical records. According to White's affidavit, the medical bill and plaintiff's medical records were sent by White on behalf of plaintiff in order to obtain payment for his accident related injuries. The medical bill listed "Dragen Perkovic" as the "Insured's Name" and provided plaintiff's address of 3472 South Blvd., Bloomfield Hills, MI 48304. Plaintiff's medical records also included plaintiff's name as the insured, provided a policy number and provided plaintiff's address. Plaintiff's medical records stated:

-1-

46 yo male semi truck driver. R upper back pain after MVC. States that he was driving down interstate when car in front of him began to spin, he swerved to avoid the car since in semi and ran into a wall hitting front driver side.

Plaintiff's Medical Record further stated that plaintiff suffered a "back sprain, cervical sprain or fracture, chest wall contusion, contusion, head injury, liver injury, myocardial contusion, pneumothorax, splenic injury, sprained or fractured extremity."

On May 19, 2009, defendant sent notice to The Nebraska Medical Center indicating that it was denying payment for the services rendered to plaintiff. Defendant stamped the statement, "No injury report on file for this person," on the medical bill for the services performed on plaintiff.

As stated in the trial court's opinion granting summary disposition:

On August 11, 2009, Plaintiff filed his Complaint against Citizens. On February 12, 2010, Plaintiff amended his Complaint to add Hudson, Business Insurers of America, Inc.[,] BIA Associates, Inc.[,] and Forsyth/BIA, Inc.[,] as defendants. On March 23, 2010, defendants Business Insurers of America, Inc., BIA Associates, Inc.[,] and Forsyth/BIA, Inc[.] were voluntarily dismissed from this lawsuit. It was not until March 25, 2010, more than a year after the accident, that Plaintiff filed his Second Amended Complaint adding Zurich as a defendant. The Michigan Department of State Assigned Claim Facility was also added as a defendant on December 9, 2010, but was dismissed from the lawsuit on May 18, 2011.

On September 9, 2010, in its Opinion and Order, the Honorable Michael F. Sapala granted Zurich's motion for summary disposition, dismissed Hudson and named Citizens the highest priority insurer. Subsequently, Citizens filed a motion for reconsideration, which was granted on November 8, 2010. In its Opinion and Order, Judge Sapala dismissed Citizens and named Hudson the highest priority insurer. Thereafter, Hudson filed a motion for reconsideration. The motion was denied in a February 11, 2011 Opinion and Order which confirmed Hudson had priority over Zurich and dismissed all claims against Citizens.

On December 20, 2012, [this Court] reversed [the trial court's] decision, ruling that Zurich is the highest priority insurer, and dismissed all claims against Hudson.[1] The court held that MCL 500.3114(3) applied in this case and upheld Hudson's exclusion of coverage provision reasoning that, because Zurich provided coverage, the Hudson and Zurich policies together provided Plaintiff

---

[1] See *Perkovic v Hudson Insurance Co,* unpublished opinion per curiam of the Court of Appeals, issued December 20, 2012 (Docket No. 302868).

with continuous coverage. Zurich's application for leave to appeal was denied on April 29, 2013.[2]  [Footnotes added.]

On August 7, 2013, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) because dismissal of plaintiff's claim was required as a result of the statute of limitations set forth in MCL 500.3145.  Defendant claimed that no written notice of injury was provided to it within one year immediately following plaintiff's accident and no payment of benefits had been made to plaintiff.

On October 2, 2013, plaintiff filed a response to defendant's motion for summary disposition.  Plaintiff contended that he complied with the notice requirement as White sent The Nebraska Medical Center medical bill and medical records to defendant on April 30, 2009.  The medical bill and record were in written form and specifically stated plaintiff's address and the nature of plaintiff's injury.

On October 3, 2013, defendant filed a reply to plaintiff's response to defendant's motion for summary disposition.  Defendant argued that the medical records sent to it are insufficient notice because nothing from the medical records indicated that plaintiff intends to make a claim for personal protection insurance benefits.  Moreover, the mailing was not from plaintiff, was not sent on plaintiff's behalf, and was not even known about by plaintiff.

On October 4, 2013, the trial court heard arguments on defendant's motion for summary disposition and the parties argued consistent with their briefs.  On February 20, 2014, the trial court entered an order granting defendant's motion for summary disposition.  The trial court first distinguished *Lansing Gen Hosp, Osteopathic v Gomez*, 114 Mich App 814; 319 NW2d 683 (1982), stating that '[t]here was no question in *Gomez* that the agent was providing the notice with the intent to file a claim."  The trial court then stated:

> Turning to the case at bar, the Court notes that Mr. White's affidavit states that the bill and records were sent to Zurich on behalf of Plaintiff ***to obtain payment for his accident related injuries.***  This is different and distinguishable from sending a notice of injury for the purpose of opening a claim for personal injury protection no-fault benefits on behalf of Plaintiff.  Furthermore, there was no additional document enclosed or statement written on the medical records, which would indicate any intention to file a claim on Plaintiff's behalf.  Moreover, there is no evidence that Plaintiff even had any knowledge that the Nebraska Medical Center billed Zurich for the services it rendered.  Had Plaintiff authorized the Nebraska Medical Center to send a notice of intent to file a claim, or even had knowledge that a notice was sent, the fact that Plaintiff would have had an open claim with Zurich would have been alleged in his Second Amended Complaint adding Zurich to the instant lawsuit.  However, the Second Amended Complaint provides that "A Claim Number has not yet been assigned by Defendants or is currently unknown."

---

[2] See *Perkovic v Hudson Insurance Co,* 493 Mich 971; 829 NW2d 197 (2013).

Likewise, had the Nebraska Medical Center been tasked with the duty to provide notice of intent to file a claim on Plaintiff's behalf, it would have certainly communicated with either Zurich, providing them with a sufficient notice, or with Plaintiff, letting him know that no claim for personal protection insurance benefits had been opened, after receiving notice from Zurich that no injury report existed for Plaintiff.

Therefore, the Court finds that a medical care provider sending bills and corresponding medical records to obtain payment for the services it rendered to the injured individual does not satisfy the requirements of MCL 500.3145. The purpose of sending the notice is to file a claim, not to obtain payment. Allowing unexplained bills and medical records, without more, to serve the notice requirements of MCL 500.3145 would defeat the purpose of the statute, as medical providers would have an incentive to bill every possible insurance company to increase their chance of getting paid for the services they render to an injured person. This, in turn, would place an undue burden on insurance companies to investigate every bill sent to them by a medical provider when there is no existing claim or injury report for the injured individual named on the bill. Accordingly, the Court holds that there has to be some evidence that Plaintiff, or someone on his behalf, is intending to file a claim for personal protection insurance benefits for the notice requirement to be satisfied. [Citation omitted.]

Thereafter, plaintiff filed a motion for reconsideration, which the trial court denied.

On appeal, plaintiff contends that the trial court erred in granting summary disposition to defendant because there is no requirement that the documents be sent with the intent to file a claim; therefore, plaintiff provided sufficient notice pursuant to MCL 500.3145(1). We disagree.

A grant or denial of summary disposition is reviewed de novo. *Shay v Aldrich*, 487 Mich 648, 656; 790 NW2d 629 (2010). When deciding whether a motion for summary disposition under MCL 2.116(C)(7) was properly decided, we must "consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other documents presented specifically contradict it." *Id.* "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010).

MCL 500.3145(1) provides:

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1

year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

In *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005), the Michigan Supreme Court explained:

[Section] 3145(1) contains two limitations on the time for filing suit and one limitation on the period for which benefits may be recovered:

(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, *unless* the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.

(2) *If* notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.

(3) Recovery is limited to losses incurred during the one year preceding commencement of the action.

The Court recognized that the language of the statute "must be enforced according to its plain meaning, and cannot be judicially revised or amended to harmonize with the prevailing policy whims of members of this Court." *Id.* at 582.

In this case, the medical bill and plaintiff's medical records listed "Dragen Perkovic" as the "insured" and provided his address of "3472 South Blvd, Bloomfield Hills, MI 48304." The medical records also indicated that Dragen Perkovic was the person injured, that he was admitted to The Nebraska Medical Center in Omaha, Nebraska, at 12:03 p.m. on February 28, 2009, after a car accident that occurred on the interstate, and that he suffered a "back sprain, cervical sprain or fracture, chest wall contusion, contusion, head injury, liver injury, myocardial contusion, pneumothorax, splenic injury, sprained or fractured extremity." Thus, the notice provided plaintiff's name and address, and indicated in ordinary language the name of the person injured and the time, place, and nature of his injury. Additionally, the medical bill and medical records were given to defendant within one year after the accident, as the accident occurred on February 29, 2009, and the medical bill and medical records were sent to defendant on April 30, 2009.

Defendant, however, contends that MCL 500.3145(1)'s requirement that the notice be made by "a person claiming to be entitled to benefits therefor, or by someone in his behalf" means that the information must convey the intent to make a claim for PIP benefits. Defendant cites an unpublished decision that relied on the Michigan Supreme Court's decision in *Welton v Carriers Ins Co*, 421 Mich 571, 579-580; 365 NW2d 170 (1984), overruled in part by *Devillers*, 473 Mich at 574. In *Welton*, the Michigan Supreme Court required the plaintiff to make a specific claim for personal protection insurance benefits to trigger tolling of the one-year-back

rule set forth in MCL 500.3145 because "something more than a general notice of injury [was required to toll the one-year-back rule]." *Devillers*, 473 Mich at 576. The Court stated that "[u]ntil a specific claim is made, an insurer has no way of knowing what expenses have been incurred, whether those expenses are covered losses and, indeed, whether the insured will file a claim at all." *Welton*, 421 Mich at 579. However, *Welton* involved the tolling of the one-year-back rule, which is not at issue here, and, in fact, is no longer permitted. *Devillers*, 473 Mich at 593. Thus, the analysis from *Welton* is not applicable in this case.

Regarding the notice provision enabling claimants to extend the period for recovery of personal protection insurance benefits up to one additional year, which is at issue in this case, this Court explained in *Dozier v State Farm*, 95 Mich App 121, 128; 290 NW2d 408 (1980):

> The policy and purposes such statutes are intended to serve have been stated thus:
>
> > "Statutes of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation'."
>
> Notice provisions have different objectives than statutes of limitations:
>
> > "Notice provisions are designed, inter alia, to provide time to investigate and to appropriate funds for settlement purposes."
>
> In light of these objectives, and the existence in a single statutory provision of both a notice provision and a limitation of action provision, we conclude that substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under s 3145(1). [Citations omitted.]

In *Dozier*, the plaintiffs' attorney sent a letter to the defendant indicating that he had been retained to represent the plaintiffs regarding the injuries sustained "in the accident of June 9th" and claiming "a lien on any and all settlements in regard to this accident." *Id.* at 124. This Court indicated that the letter informed the defendant of the accident and, as the credibility of the letter was untainted, it provided the defendant adequate warning to permit it to conduct an investigation of the matter. *Id.* at 129-120. However, because the letter did not indicate in ordinary language the place and nature of the injury, the defendant was denied knowledge of the essential facts upon which its liability depends and, therefore, could not appropriate funds for settlement purposes. *Id.* at 130. Nonetheless, the Court did not actually decide whether the notice was sufficient because it concluded that the defendant waived its right to assert the insufficiency of the notice. *Id.*

-6-

In *Walden v Auto Owners Ins Co*, 105 Mich App 528, 530; 307 NW2d 367 (1981), the plaintiff orally reported the accident in which he was involved to his insurance agent who filled out an "Auto Accident Notice" and transmitted it to the defendant. This Court held that the notice was not fatally defective because the injury section was not completed. *Id.* at 534. Citing *Dozier*, the Court concluded that "the accident form was even more complete in that it gave the name and address of the claimant, the time and place of the vehicular accident, and specified that plaintiff rolled over while in his truck." *Walden*, 105 Mich App at 534.

Similarly, in *Lansing Gen Hosp, Osteopathic v Gomez*, 114 Mich App 814, 819; 319 NW2d 683 (1982), the policyholder orally notified his insurance agent about the accident involving his vehicle and the agent provided written notice to the defendant. This Court held that the written notification describing the time and the place of the accident was sufficient even though the notice did not name the claimant because he could not be located. *Id.* at 825. The Court concluded that the written notification, describing the time and place of the accident, was sufficient to provide time for the defendant to investigate the accident. *Id.*

In *Heikkinen v Aetna Cas & Sur Co*, 124 Mich App 459, 461; 335 NW2d 3 (1981), the plaintiff's husband died after being overcome by the exhaust fumes of his vehicle. The plaintiff was insured by the defendant and obtained a policy through an agent who also prepared income tax returns. *Id.* The plaintiff provided the insurance agent with a copy of her husband's death certificate for purposes of preparing her tax returns. *Id.* She argued that the death certificate constituted notice under MCL 500.3145(1). *Id.* at 463. Analyzing *Dozier*, the Court stated that "[t]he letter in *Dozier,* although not strictly complying with the contents requirements of notice, did fulfill the purposes of the limitations and notice provisions of the statute." *Heikkinen*, 124 Mich App at 463. The Court stated:

> The instant case involves a mirror image of the *Dozier* facts. Plaintiff had strictly complied with the contents requirements for notice but did not fulfill the purposes of the limitations and notice provisions of § 3145(1). The death certificate received by Mr. Gilmore contained all the requisite information but it was not presented to him under circumstances indicating that a claim in connection with the death might be asserted. Mr. Gilmore was preparing plaintiff's tax return. No discussions concerning the policy were held at this time or any other time. Although plaintiff had previously informed Mr. Gilmore of her husband's death, she stated this was for the purpose of removing her husband's name from the policy of insurance. She did not indicate she was asserting a claim and in fact testified that she was unaware of the existence of any claim either at the time of the telephone call or at the time the death certificate was presented for purposes of preparing the tax return. Under these circumstances, Mr. Gilmore was not apprised of the need to investigate and appropriate funds nor of the need to inform Aetna to do so.

> Notice encompasses something more than words typed on a piece of paper. The words should be presented in a form, or under circumstances, designed to "*in fact* apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund".

The death certificate presented in connection with preparation of the plaintiff's tax return, although sufficient in content, did not fulfill the purposes of the statute. Therefore, the death certificate did not constitute notice under the statute. The trial judge did not err in granting defendant's motion. [*Heikkinen*, 124 Mich App at 463-463 (citation omitted).]

In *Joiner v Michigan Mutual Ins Co*, 137 Mich App 464, 470; 357 NW2d 875 (1984), this Court recognized that prior decisions of the Court had held "that where the no-fault insurer and the workers' compensation insurer are the same entity, notice of a workers' compensation claim does not necessarily satisfy the notice requirements of § 3145(1), where the notice is not likely to alert the insurer to the pendency of a possible no-fault claim." In one prior decision, the Court had stated that "mere notice of an injury under circumstances unrelated to a possible claim for no-fault benefits does not trigger the insurer's investigative procedures nor does it advise the insurer of the need to appropriate funds for settlement." *Id.* at 471. However, in *Joiner*, the plaintiff's complaint with the Insurance Bureau contained a handwritten statement indicating that the plaintiff had filed for both no-fault benefits and workers' compensation benefits, and also clearly stated that the accident involved a motor vehicle. *Id.* at 472. Thus, the Court held "that the complaint was designed to and did in fact apprise defendant of the pendency of a possible no-fault claim." *Id.*

While this Court does not always require strict, technical compliance with the requirements of MCL 500.3145(1), in *Dozier*, *Walden*, and *Gomez* there was no indication that the defendant was unaware of a possible no-fault claim. The defendants in those cases were sent either a letter or a written notice form. See *Gomez*, 114 Mich App at 819; *Walden*, 105 Mich App at 530; *Dozier*, 95 Mich App at 124. We agree with the trial court that "[t]here was no question in *Gomez* that the agent was providing the notice with the intent to file a claim." This is similarly true in *Dozier* and *Walden*.

In this case, however, no letter or written notice form was sent that would alert defendant to the possible pendency of a no-fault claim. See *Joiner*, 137 Mich App at 472. Rather, the medical bill and medical records were sent to defendant without any indication of a possible claim. In fact, according to White, the bill and records were sent for the purpose of obtaining payment. This notice of injury, which was unrelated to a possible claim for no-fault benefits, did not trigger defendant's investigative procedures or advise defendant of the need to appropriate funds for settlement. See *id.* at 471. Similar to the death certificate in *Heikkinen*, 124 Mich App at 464, the medical bill and medical records, although sufficient in content, did not fulfill the purposes of the statute. Accordingly, plaintiff did not provide sufficient notice pursuant to MCL 500.3145(1) and the trial court properly granted summary disposition in favor of defendant.

Affirmed. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Kurtis T. Wilder
/s/ Michael J. Talbot
/s/ Karen M. Fort Hood