# STATE OF MICHIGAN

# COURT OF APPEALS

SOPHIA BENSON, Individually and as Next
Friend of ISIAH WILLIAMS,

UNPUBLISHED
May 24, 2016

Plaintiff-Appellant,

v

No. 325319
Wayne Circuit Court
LC No. 14-008479-NF

AMERISURE INSURANCE,

Defendant-Appellee.

Before: OWENS, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting MCR 2.116(C)(10) summary disposition in favor of defendant in this first-party no-fault action. We affirm.

On appeal, plaintiff contends that the notice of injury she submitted to defendant substantially complies with the language of MCL 500.3145(1), and that the trial court erred in granting summary disposition in favor of defendant on the basis that plaintiff had not provided a notice of injury in compliance with the statute. We disagree.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Coalition of State Employee Unions v State*, 498 Mich 312, 322; 870 NW2d 275 (2015). In its motion seeking summary disposition and brief in support, defendant did not specify the subsections of MCR 2.116 on which it relied to seek dismissal of plaintiff's claims. Similarly, the trial court, both in its bench ruling and written order, did not specify what grounds of MCR 2.116 it relied on in granting defendant's motion for summary disposition. Because defendant submitted documentary evidence in support of its motion, and the trial court reviewed this evidence in granting the motion, it appropriate for this Court to "construe the motion has having been granted pursuant to MCR 2.116(C)(10)." *County of Wayne v Plymouth Charter Twp*, 240 Mich App 479, 480 n 2; 612 NW2d 440 (2000).

> In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. MCR 2.116(G)(4); *Maiden* [*v Rozwood*], 461 Mich [109] at 119; 597 NW2d 817 [1999]. The evidence submitted must be considered "in the light most favorable to the

-1-

opposing party." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). [*McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013).]

This Court also reviews de novo matters of statutory interpretation. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, ___; 876 NW2d 853 (2015); slip op at 2. In *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012), our Supreme Court articulated the rules of statutory construction.

> [The Court's] primary goal when interpreting statutes is to discern the intent of the Legislature. To do so, [the Court] focus[es] on the best indicator of that intent, the language of the statute itself. The words used by the Legislature are given their common and ordinary meaning. If the statutory language is unambiguous, we presume that the Legislature intended the meaning that it clearly expressed, and further construction is neither required nor permitted. [*Joseph*, 491 Mich at 205-206 (footnotes omitted).]

This Court should also avoid interpreting a statute in a manner that "render[s] any part of the statute surplusage or nugatory." *Haksluoto v Mt Clemens Regional Medical Center*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 323987); slip op at 6.

The starting point for this Court's analysis is the language of MCL 500.3145. This statute provides:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the *injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident* or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. *The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury*.

> (2) An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident. [Emphasis supplied.]

MCL 500.3145(1) contains several limitations, two on the time for filing suit, and one limiting the period for which benefits can be recovered. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005). The limitation of recovery to losses that were incurred in

the one year preceding the filing of the case is known in Michigan as the "one-year-back" rule. *Id*.

This Court recently had occasion to consider the language of MCL 500.3145(1) in *Perkovic v Zurich American Ins Co*, 312 Mich App 244, ___; 876 NW2d 839 (2015) (Docket No. 321531); slip op at 4-5. In *Perkovic*, the plaintiff was injured in an auto accident in Nebraska, and received treatment at a hospital there. *Id.* at ___; slip op at 1. The treating hospital then, on behalf of the plaintiff, sent a medical bill and plaintiff's medical records to the defendant insurance company, seeking to obtain payment for accident related injuries. *Id.* at ___; slip op at 1-2. The *Perkovic* Court, 312 Mich App at ___; slip op at 6-8, after considering *Dozier v State Farm Mut Auto Ins Co*, 95 Mich App 121, 128; 290 NW2d 408 (1980), and *Heikkinen v Aetna Cas & Sur Co*, 124 Mich App 459, 461; 335 NW2d 3 (1981), observed that the purpose of the notice of injury was to notify an insurer about the potential of a claim, the need to investigate further and to assess potential liability. Quoting *Dozier*, 95 Mich App at 128, the *Perkovic* Court, 312 Mich App at ___; slip op at 6, recognized:

> The policy and purposes such statutes are intended to serve have been stated thus:
>
> "Statutes of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation'."
>
> Notice provisions have different objectives than statutes of limitations:
>
> *"Notice provisions are designed, inter alia, to provide time to investigate and to appropriate funds for settlement purposes."*
>
> In light of these objectives, and the existence in a single statutory provision of both a notice provision and a limitation of action provision, we conclude that substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under s 3145(1). [Citations omitted in original; emphasis supplied).].

The *Perkovic* Court went on to state that notice must be sufficient to apprise an insurer of "the need to investigate and to determine the amount of possible liability of the insurer's fund." *Perkovic*, 312 Mich App at ___; slip op at 7, quoting *Heikkinen*, 124 Mich App at 461. The *Perkovic* Court ultimately held that where the plaintiff's medical bill and records were forwarded to the defendant insurance company without any indication that a claim could be pending with the defendant, the correspondence "did not trigger [the] defendant's investigative procedures or advise [the] defendant of the need to appropriate funds for settlement." *Perkovic*, 312 Mich App at ___; slip op at 8. Accordingly, the *Perkovic* Court concluded that where the purposes of MCL 500.3145(1) were not satisfied, the plaintiff had not provided sufficient notice of injury pursuant

to the statute, and affirmed the trial court's grant of summary disposition in favor of the defendant. *Id*. at ___; slip op at 8.

In this case, plaintiff's counsel sent a March 31, 2014 letter to defendant asserting a claim for first-party benefits for a May 23, 2013 accident. The letter included the name of the plaintiff and the date of accident. The letter did not include the location of the accident or a police report number or copy. It also, failed to provide the address or policy number for the plaintiff. The defendant sent numerous letters thereafter requesting, at the least a policy number or other information needed to determine the existence of a policy of insurance. The claim was denied due to plaintiff's failure to provide any additional information. As of the date for surmount on the summary disposition motion, plaintiff had not filed or provided a copy of the police report for the subject accident. We conclude that the trial court properly granted summary disposition in favor of defendant where plaintiff's notice of injury met neither the clear dictates of MCL 500.3145(1) governing content fulfilled nor the notice purpose of the statute. *Perkovic*, 312 Mich App at ___; slip op at 8. Plaintiff's notice of injury did not fulfill the requirements set forth in the plain language of the statute, where it did not provide plaintiff's address, or "the time, place and nature of injury." MCL 500.3145(1). Accordingly, although this Court has not historically required strict compliance with the plain language of the statute, *Perkovic*, 312 Mich App at ___; slip op at 8, plaintiff's notice of injury cannot be said to have substantially complied with the statute's requirements, where it failed to comply with the notice provisions of MCL 500.3145(1). *Perkovic*, 312 Mich App at ___; slip op at 8. In other words, plaintiff's deficient notice of injury simply did not allow defendant an opportunity to properly investigate plaintiff's claim or to manage funds for potential settlement purposes. *Perkovic*, 312 Mich App at ___; slip op at 6, 8, quoting *Dozier*, 95 Mich App at 128.

While plaintiff cites *Dozier* in support of her argument that her notice of injury substantially complied with MCL 500.3145(1), defendant correctly points out that *Dozier* is distinguishable from the facts in the instant case. As an initial matter, *Dozier*, 95 Mich App at 128, stands for the proposition that in order to substantially comply with the notice provision of MCL 500.3145(1), an insurer must be put on notice of their need to investigate and to determine their potential liability. Plaintiff simply has not done so in the instant case. It is worthy of note that in *Dozier*, the plaintiff's notice of injury contained the name of the insured, the name of the claimants, as well as the date of the accident at issue. *Dozier*, 95 Mich App at 124. However, in *Dozier*, where the defendant insurer acknowledged the plaintiff's correspondence, and did not deny liability or request additional information, this Court concluded that such action amounted to a waiver of any right to challenge the insufficiency of the notice. *Id*. at 130. In the instant case, defendant repeatedly sought more particulars to allow it to determine its liability, and eventually denied plaintiff's claim because plaintiff was not forthcoming. Accordingly, a close review of *Dozier* reveals that it is not supportive of plaintiff's argument.

Given our resolution of the above, we need not address plaintiff's remaining issue on appeal.

Affirmed.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens