*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARAPHINA SEFCIK,

        Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY and
AUTO-OWNERS INSURANCE COMPANY,

        Defendants-Appellees,

and

GEICO INDEMNITY COMPANY,

        Defendant.

UNPUBLISHED
January 28, 2021

No. 351137
Kent Circuit Court
LC No. 18-010087-NF

Before: SHAPIRO, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition on plaintiff's claim for personal injury protection (PIP) benefits. We reverse and remand.

Plaintiff was injured while a passenger in a vehicle driven by her boyfriend, Hans Leisman, and owned by his parents, Ross and Sheryl Leisman. The Leisman vehicle was insured by defendant Home-Owners ("defendant").[1] This dispute centers on whether proper notice was supplied to defendant within one year of the accident.

According to the police report, plaintiff was transported to Munson Medical Center. The day after the accident, the Leismans' insurance agent submitted an automobile loss notice form to Home-Owners, which indicated that plaintiff was treated and released from the hospital and had

---

[1] Although both Home-Owners and Auto-Owners are named as defendants, apparently it was only Home-Owners that issued the automobile policy to the Leismans.

complained of a headache. An adjuster was assigned, who attempted to contact Sheryl Leisman.[2] Eventually, the adjuster spoke with Ross Leisman, who clarified that it was his son who was driving and that it was plaintiff, not Sheryl Leisman, who was injured. According to defendant, the adjuster also investigated whether defendant GEICO, plaintiff's mother's insurer, would be responsible for the payment of any claims. Defendant's brief indicates that GEICO ultimately denied coverage on the basis that plaintiff was not a resident relative of the named insured. Defendant thereafter denied coverage on the basis that plaintiff had not made timely notice to defendant.

We believe that this case is controlled by our Supreme Court's decision in *Perkovic v Zurich American Ins Co*, 500 Mich 44; 893 NW2d 322 (2017). As the Court observed, "under MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury." *Perkovic*, 500 Mich App at 50. As in *Perkovic*, in this case it is undisputed that the second exception does not apply. We are only concerned with whether defendant was properly notified of plaintiff's injury. Like in *Perkovic*, we apply a de novo standard of review. *Perkovic,* 500 Mich at 49.

The Supreme Court rejected this Court's reasons for concluding that the notice was inadequate:

> The Court of Appeals in this case concluded that the medical bills and records sent to defendant did not constitute notice for the purposes of MCL 500.3145(1) because these documents did not evince an intent to make a claim for PIP benefits. The Court of Appeals held that, although the medical bills and records included all of the information required by the final sentence of MCL 500.3145(1), they did not serve the purpose of a notice provision— " 'to provide time to investigate and to appropriate funds for settlement purposes.' " *Perkovic* [*v Zurich American Ins Co*, 312 Mich App 244, 254; 876 NW2d 839 (2015)], quoting *Dozier* [*v State Farm Mut Auto Ins Co*, 95 Mich App 121, 128; 290 NW2d 408 (1980)] (quotation marks omitted). The Court of Appeals reasoned that, unlike the notice provided in *Dozier*, *Walden* [*v Auto Owners Ins Co*, 105 Mich App 528; 307 NW2d 367 (1981)], or [*Lansing Gen Hosp, Osteopathic v*] *Gomez*, [114 Mich App 814; 319 NW2d 683 (1982),] nothing about the medical records and bills sent to defendant in this case would have alerted defendant to the possible pendency of a no-fault claim. Therefore, as in *Heikkinen*, the documents provided in this case did not fulfill the purposes of the notice statute. *Perkovic*, 312 Mich App at 258.

> We disagree with the Court of Appeals' reliance on the perceived purpose of the notice requirement of MCL 500.3145(1) because such reliance runs contrary to our established canons of statutory interpretation. The first sentence of MCL

_____

[2] Although not entirely clear, it appears that the adjuster may have initially confused the reference to "Sara" in the loss notice as being the injured party as meaning that Sheryl Leisman had been injured.

500.3145(1) creates an exception to the one-year statute of limitations when "written notice of injury as provided herein has been given to the insurer" within the appropriate time frame. The penultimate sentence provides the method of notice—it "may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf"—while the final sentence defines the substance of the notice—it "shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1). Nothing in MCL 500.3145(1) suggests that a notice provision's purpose is "to provide time to investigate and to appropriate funds for settlement purposes," *Dozier*, 95 Mich App at 128, or that such a purpose overrides the requirements enshrined in the statutory language itself. (Quotation marks and citation omitted.) The Court of Appeals' reliance on the perceived purpose of the statute runs counter to the rule of statutory construction directing us to discern legislative intent from plain statutory language. "When the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted." *Pace v Edel–Harrelson*, 499 Mich 1, 6; 878 NW2d 784 (2016). [*Perkovic,* 500 Mich App at 52-53; footnote omitted.]

Accordingly, the question becomes whether the notice provided to defendant complies with the statute. Again, the *Perkovic* decision provides guidance:

> As stated in note 3 of this opinion, the plain language of the statute lists what information the written notice must include in the final sentence: "The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1). The provision does not mandate any particular format for this notice, nor does it require language explicitly indicating a possible claim for benefits. The Legislature could have elected to include such language, but did not. [*Perkovic*, 500 Mich at 53-54.]

In *Perkovic*, the argument was whether medical bills and other records submitted by the provider, The Nebraska Medical Center, to the insurer constituted sufficient notice under the statute. *Perkovic*, 500 Mich at 50. The Court rejected the idea that the insured had to even be aware that the documents were submitted or that it had to be labeled as a claim for benefits:

> The fact that plaintiff might have been unaware of The Nebraska Medical Center's transmission of notice to defendant is not detrimental to his claim. The penultimate sentence of MCL 500.3145(1) provides that notice may be given "by a person claiming to be entitled to benefits therefor, or by someone *in his behalf*." (Emphasis added.) The Legislature's use of "*in* his behalf" here is telling, and it renders insignificant the fact that the notice was sent to defendant by The Nebraska Medical Center, a nonparty. "The phrase *in behalf of* traditionally means 'in the interest, support, or defense of'; *on behalf of* means 'in the name of, on the part of, as the agent or representative of.' " *Black's Law Dictionary* (10th ed), p 184 (defining the word "behalf"). Therefore, while "*on* his behalf" might have suggested the need for an agency relationship between plaintiff and The Nebraska

-3-

Medical Center, the Legislature's chosen phrase—"*in* his behalf"—has no such connotation. That is, the category of those who may send notice "in his behalf" is broader than those who may send notice "on his behalf." While the distinction may be fading in modern usage, see *Merriam–Webster's Collegiate Dictionary* (11th ed), p 110 (defining the word "behalf"), the fact that the Legislature elected to use the broader phrase "*in* his behalf," rather than the narrower phrase, "*on* his behalf," demonstrates that the provision of notice need only have been in plaintiff's interest to satisfy MCL 500.3145(1).

That the "in his behalf" language of MCL 500.3145(1) means that the notice can be provided to the insurer without the knowledge or direction of the insured further refutes the dissent's contention that the insured must be actively claiming benefits at the time the notice is sent to the insurer. The "or by someone in his behalf" clause allows someone to provide notice in behalf of the "person claiming to be entitled to benefits." There is no language in this clause suggesting that "someone" would have to label the notice as a claim for no-fault benefits, and it would be strange if the language were to create a distinction between the notice requirements based on the notice provider. In sum, the plain language of this sentence regarding the provision of notice does not impose any unarticulated requirements as to the form of the notice, such as an explicit request for no-fault benefits.

While the trial court specifically referenced the Supreme Court's decision in *Perkovic*, it seems to have overlooked the above discussion in *Perkovic*. Specifically, in rendering its decision, the trial court stated:

The facts of this case show that, undisputedly, Home-Owners Insurance Company had notice. They had notice of the person's name, that there was an injury, that the person was a passenger in the car. Of course, none of the notice indicated whether the person was entitled to benefits or not because, you know, we don't know whether she had her own insurance -- was a resident of Michigan, had her own insurance, that kind of stuff. They just had basic information. Although they knew she was from Ohio, I wanted to clarify that.

So, the question is, did the notice that they received comply with subpart four? Subpart four states that the notice must be by a person claiming to be entitled to benefits for the injury or by someone in the person's behalf.

The injured person never provided the notice. Nobody provided the notice in her behalf except for a phone call from her mother, apparently, just hours -- just -- just the day that the statute was going to run. Which is not, of course, in writing. It's -- the first time they get notice by a person claiming in the injured party's behalf was oral notice and not written notice. So, I think that fails to substantially comply with subpart four.

While acknowledging that defendant had notice, the trial court places too much emphasis on who supplied the notice. We find it clear in the Supreme Court's opinion that the notice does not have

to be supplied by the injured party or by a person claiming benefits for the injury.[3]  Rather, the question that the trial court needed to focus on is whether the documents that defendant had received, the loss notice form submitted by the named insured and the police report, supplied the required notice.[4]

The only portion of the notice that the trial court suggested was inadequate was the nature of the injuries:

> I would also note that the -- the -- although they had notice of the name, time, and place.  They did not have notice of the nature of the person's injuries. The actual injuries are much more substantial and different in character from a simple notice that she was taken to the hospital.  And, I think, at some point there was reference to a headache.  But certainly not the -- not the full nature and character of the injuries.

Indeed, the information initially supplied to defendant was minimal.  The Automobile Loss Notice submitted indicated that plaintiff was treated and released at the hospital and that she suffered from a headache.

Our Supreme Court supplied guidance to the "nature of injury" requirement in *Dillon v State Farm Mut Auto Ins Co*, 501 Mich 915; 902 NW2d 892 (2017), noting that:

> the Legislature required "notice of injury as provided herein," and that "herein" includes, "in ordinary language," "the name of the person injured and the time, place and nature of his injury."  The phrase "in ordinary language" indicates that the Legislature wanted claimants to be able to give notice of injury without recourse to specialist assistance, while the phrase "nature of his injury" refers to an injury's inherent characteristics.  See *Corley v Detroit Bd of Ed*, 470 Mich 274, 279; 681 NW2d 342 (2004).

> Taken together, MCL 500.3145(1) requires only the kind of notice that an ordinary layperson can provide.  A description of symptoms that are traceable to a diagnosed injury is sufficient to constitute such notice.  The statute does not require a claimant to provide a precise medical diagnosis, as this would not constitute "ordinary language."  In the present case, after being involved in a motor vehicle accident, the claimant provided timely notice of injuries causing pain to her left shoulder and lower back.  Years later, the claimant sought treatment for an injury to her left hip that, according to the jury, was caused by the same accident. Because, as the claimant's doctor pointed out, the hip injury could have created the lower

---

[3] Similarly, we reject defendant's argument that the police report cannot be considered because it was obtained by defendant rather than submitted by plaintiff herself.

[4] The police report does clearly identify plaintiff by name and address.  It also indicated that it was a personal injury accident and that plaintiff had been transported by ambulance to Munson Medical Center.

back pain, her initial notice can be traced to the eventual injury and was sufficient for the purposes of MCL 500.3145(1). For this reason, although we vacate the Court of Appeals analysis of MCL 500.3145, we AFFIRM the Court of Appeals judgment on other grounds and DENY leave to appeal in all other respects. [Footnote omitted.]

Clearly, the *Dillon* decision gives an insured a great deal, though not unlimited, leeway in describing the nature of their injury in the notice to the insurer. *Dillon* accepted as adequate a notice of a lower back injury while later claiming a hip injury given a medical opinion that the hip injury could be traced to the lower back pain. Similarly, in our case, plaintiff's initial complaint of a headache at the hospital suggests a head injury and is certainly consistent with her later claims which included items such as a concussion, migraines, and other injuries potentially consistent with a head injury.[5] As *Dillon* points out, the statute only requires "the kind of notice that an ordinary layperson can provide." *Dillon,* 501 Mich at 915. Not only is an ordinary layperson not to be expected to provide a precise medical diagnosis, nor can they be expected to predict with medical certainty what future complications may arise from that injury.

For these reasons, we conclude that the trial court erred in granting summary disposition on the basis that the notice requirement was not satisfied. Because of this conclusion, we need not address plaintiff's alternate arguments regarding substantial compliance, that Home-Owners waived its defense that the notice did not comply with the requirements of MCL 500.3145(1), and that the trial court should have allowed additional discovery before ruling on the motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Douglas B. Shapiro
/s/ David H. Sawyer
/s/ Jane M. Beckering

---

[5] This is not to suggest that we are concluding that any or all of plaintiff's later complaints are the result of the motor vehicle accident. That is a matter yet to be proven. Rather, we are merely observing that they are arguably consistent with the initial complaint at the hospital and that the notice is adequate to comply with the statutory notice requirement.